THE PEOPLE ex rel. ISAAC LICHTENSTEIN, Appellant, *v.* THOMAS C. HODGSON, as Sheriff, etc., Respondent.

Where, in proceedings against a husband for a failure to support his wife according to his means, he has been adjudged a disorderly person and required to give a bond for her support, or failing in that, to be imprisoned, from which decision he has appealed, and upon giving an undertaking has been discharged from arrest, the proceedings are not a bar to the issuing of another warrant pending the appeal upon a second complaint for the same cause, and his arrest thereunder; the subsequent neglect is the commission of a new offense, for which he is liable to arrest and trial.

*It seems* that if the husband had been imprisoned, in pursuance of the first conviction, or had given an undertaking, as required, for the support of his wife, he could not, during such imprisonment or the life of the undertaking, have been imprisoned for a similar offense.

Where, in such proceedings the defendant denies that he is the husband of the complainant, the justice has jurisdiction to try the question.

Where jurisdiction is given to a magistrate to try an offense he may determine every question necessary to the finding of the guilt or innocence of the person on trial.

(Submitted April 13, 1891; decided April 21, 1891.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department made the first Tuesday of January, 1891, which affirmed an order of Special Term dismissing a writ of habeas corpus and remanding the relator to the custody of the sheriff of Monroe county.

On the 12th day of May, 1890, Dora Lichtenstein made complaint before a police justice of Rochester, charging the relator, her alleged husband, with being a disorderly person,

in that he neglected to provide for her a support according to his means. Such proceedings were had that on May sixteenth he was adjudged a disorderly person and directed to give a bond for his wife's support, or, failing in that, to be imprisoned in the Monroe county penitentiary for six months. An appeal by the relator to the Court of Sessions was immediately perfected, and he gave an undertaking and was discharged pending the appeal. On June thirtieth thereafter, while the appeal was pending and undetermined, upon complaint of his wife, another warrant for the same cause was issued by the police justice against the relator, and on the following day he was arrested and brought before the justice, who, not being ready to proceed with the case, issued a warrant directed to the sheriff requesting him to receive and detain the relator to answer the charges pending before him. In order to be relieved from imprisonment and detention under the last two warrants, the relator procured a writ of habeas corpus from a justice of the Supreme Court, returnable before him at a Special Term, and in obedience to the writ the relator was produced, and the sheriff returned that he held him by virtue of the warrant last named. The relator traversed the return and a hearing upon the petition, return and traverse was had, and a final order was made dismissing the writ and remanding the relator to the custody of the sheriff.

The following is the opinion in full:

"It is claimed on behalf of the relator that his conviction upon the first complaint was a bar to the subsequent proceedings, and that the justice had no jurisdiction to issue the second warrant. If he had been imprisoned in pursuance of the first conviction, or had given an undertaking for the support of his wife, as was required by the statute, and the decision of the police justice, he could not, during the pendency of his imprisonment, or the life of the undertaking, have been proceeded against again for not supporting his wife. But he did not give the undertaking, and was not imprisoned. He was at large and in a condition where it was possible for him to discharge the obligations cast upon him by the law, to support his wife according to his means, and for his neglect to provide for her support, he committed a new offense and exposed himself to

the new complaint and conviction, and the previous conviction for his neglect and refusal at that time to support his wife furnished no defense to the second proceeding. At any time subsequent to his first conviction, when he neglected to support his wife according to his means, he committed a new offense for which he could be arrested and tried, and these proceedings could be repeated until he consented to support his wife, or gave an undertaking for her support, or until he was actually in prison under some conviction.

" The further ground for questioning the jurisdiction of the police justice is that the relator denied that he was the husband of the complainant, and that, therefore, the police justice had no jurisdiction to try the question of marriage and thus ascertain whether he was in fact her husband. If this claim be well founded, then in all cases where a husband is proceeded against for neglecting to support his wife before any magistrate, he may oust the magistrate of jurisdiction by simply putting in issue his lawful marriage. Where a husband is proceeded against under the statute the justice has jurisdiction to try every question involved in the complaint, and there is nothing in the law or in reason that should prevent him from ascertaining whether the defendant is the husband of the complainant. It is a general rule with no exceptions, that where jurisdiction is given to a magistrate to try an offense, he may determine every question necessary to the finding of the guilt or innocence of the person on trial.

" For these reasons, and, also for the more technical reasons specified in the opinion below, we think the order should be affirmed "

*J. B. M. Stephens* for appellant.

*George A. Benton,* and *Howard H. Widener* for respondent.

EARL J., reads for affirmance.
All concur.
Order affirmed.