THE CITY OF NEW YORK, Respondent, *v.* HARRY LIFSCHITZ, Appellant.

Court of Special Sessions, City of New York, Appellate Part, Second Judicial Department, April 22, 1931.

*Maurice Smiley*, for the appellant.

*Arthur J. W. Hilly*, Corporation Counsel [*J. Joseph Lilly* of counsel], for the respondent.

PER CURIAM. This is an appeal from a judgment of the Magistrates' Court adjudging the appellant a disorderly person, in that he abandoned his wife and left her without adequate support and neglected to provide for his said wife according to his means. The court ordered that he pay the sum of five dollars per week for the support of his said wife and placed him on probation for a period of twelve months.

The evidence in support of the complaint was given by Frances Lifschitz, the complainant, who testified that she married the appellant on February 13, 1930, in the borough of Brooklyn, city of New York, and that, thereafter, on or about April 3, 1930, the appellant abandoned her and that she had not received support from him since said date.

That a ceremonial marriage was performed at the time and place testified by the complainant is not disputed by the appellant, but the validity of said marriage was attempted to be controverted by reason of a prior common-law marriage between the complainant and one Chernoff. Proof offered by the appellant to establish the existence of said common-law marriage was excluded by the court over the objection, duly noted in the record, by counsel for the appellant. The record shows that the magistrate ruled that she did not have jurisdiction of the question of the validity of a ceremonial marriage, would not permit the cross-examination of the complaining witness as to her prior marriages, and excluded evidence offered by the defense to show the existence of an alleged common-law marriage. In this, we believe, the learned magistrate erred, for although she had no power to adjudicate the validity of the marriage for general purposes, as has the Supreme Court, she none the less had jurisdiction for the purpose of non-support proceedings and may be required to determine as complex legal problems in so doing as the higher tribunals. The basis of the jurisdiction of the Magistrates' Court in non-support proceedings is the existence of a valid marriage. (*City of New York* v. *Dabney*,

Special Sessions Rep. [1925] 156; *People ex rel. Lichtenstein* v. *Hodgson,* 126 N. Y. 647; *Commissioner of Charities* v. *Patterson,* 169 N. Y. Supp. 316.)

This judgment should be reversed on the law and facts and a new trial ordered so that the status of the appellant and Frances Lifschitz may be decided.

All concur; present, FETHERSTON, P. J., HEALY and SOLOMON, JJ.

Judgment of conviction reversed on the law and facts and new trial ordered; and it is

Further ordered that the defendant, appellant, present himself, in person, at the City Magistrates' Court of the City of New York, Family Court, Borough of Kings, at the opening of court on the 5th day of May, 1931, so that a date may be set for the new trial as ordered by this court.