THE PEOPLE OF THE STATE OF NEW YORK, on the Information of FRANCES MILLER, Plaintiff, *v.* FAMOUS INFANTS' KNITWEAR CORP. (a Corporation), Defendant.

Court of Special Sessions of New York, Municipal Term, Borough of Brooklyn, December 4, 1939.

*John J. Bennett, Jr., Attorney-General* [*Maurice H. Matzkin, Assistant Attorney-General,* of counsel], for the plaintiff.

*Harold R. Lhowe* [*Arnold E. Sternfeld* of counsel], for the defendant.

DEANDREA, C. M. The defendant, the proprietor of a factory wherein infants' hats are manufactured, is charged with violation of section 352 of article 13 of the Labor Law in that it caused to be delivered wool to one Anna Cardillo, of 1470 Atlantic avenue, borough of Brooklyn, county of Kings, New York city, to be made into infants' hats in her home without a homeworker's certificate having been issued to her by the Industrial Commissioner of the State of New York permitting industrial homework to be done in said home.

Section 352 of the Labor Law prohibits an employer from delivering or causing to be delivered any materials for industrial homework to a person who has not first obtained a certificate issued pursuant to article 13 of the Labor Law.

The defendant contends that section 352 does not apply to the relationship between the defendant and Anna Cardillo for the reason that Anna Cardillo was not a homeworker within the contemplation of article 13.

The alleged homeworker, Anna Cardillo, testified to the effect that she sold finished knitted infants' hats to the defendant. However, the testimony developed facts which entirely rebutted this contention. She testified that defendant gave the names of several wool companies to Anna Cardillo, and she was told to purchase the wool from one of these companies. She was then to perform the work upon the hats at her home, and to bring the finished hats to the defendant. The hats would then be weighed and she would be paid according to the weight thereof. In this manner she was compensated both for the wool and for her labor. She received for her labor the sum of one dollar and eighty-five cents per dozen over and above the cost of the wool. Being a rapid worker, she was able to manufacture at her home about a dozen hats per day. She manufactured hats at her home exclusively for the defendant.

The testimony clearly indicates the purpose of this arrangement and the true relationship between the defendant and the homeworker.

It is to be noted, among other circumstances, that the homeworker purchased the wool at a yarn house recommended by the defendant. The homeworker stated that she was given credit for her first order of yarn and that she did not pay for it until defendant paid her for the first batch of hats. With part of this money she paid the first bill. Her practice always was to get the wool from the yarn company, perform the work at her home, make delivery of the finished hats, receive payment therefor from the defendant, and then make payment for the wool which had gone into the manufacture of the hats previously delivered. She also testified that this line of credit was given to her only after she showed the yarn company the card of recommendation which the defendant had given to her.

It is not necessary to set forth in detail the various circumstances which clearly indicate the true purpose of the relationship here set up between the defendant and the homeworker. Suffice it to say that the entire plan here arranged was devised entirely by the defendant.

The employment of women and minors in industry in the State of New York under conditions resulting in wages unreasonably low and conditions injurious to their health and general welfare is a matter of grave and vital public concern. Any conditions of employment especially fostering such working conditions are, therefore,

destructive of purposes already accepted as sound public policy by the Legislature of the State and should be brought into conformity with that policy. Uncontrolled continuance of homework is such a condition; here wages are notoriously lower and working conditions endanger the health of the worker; the protection of factory industries, which must operate in competition therewith and of the women and minors employed therein and of the public interest of the community at large in their health and well-being, require strict control and gradual elimination of industrial homework. (Labor Law, § 350.)

Resolving in defendant's favor every doubt to which it may be entitled, I am constrained to view the arrangement here created by the defendant as a scheme or device to evade and circumvent the beneficent purposes of article 13 of the Labor Law.

The subterfuge created here is new to the law covering industrial homework (Labor Law, art. 13). Devious methods to evade the law, however, are not new to this court.

The Workmen's Compensation Law has had its formative years replete with partnership and lease evasions. The courts have uniformly stated that evasion of that law by scheme or device would not be countenanced. (*Poeple* v. *Simons*, 249 App. Div. 809; affd., 274 N. Y. 554; *People* v. *Levine*, 160 Misc. 181; affd., 250 App. Div. 741; *People* v. *Beatty*, 171 Misc. 1004; *People* v. *Cartus*, 253 App. Div. 705; *People* v. *Natuzzi*, 258 id. 743.)

The testimony indicates to me that the scheme here devised by the defendant was promulgated for the purpose of evading the law relating to industrial homework. The effort on the part of the defendant to set up a status different from the actual relationship which exists between the defendant and the homeworker is not conclusive upon this court. Statutes are not so easily circumvented.

The courts may look beyond the scheme which the defendant attempts to set up here to expose the real relationship between the parties. Defendant is guilty of having caused to be delivered wool to Anna Cardillo to be made into infants' hats in her home without a homeworker's certificate having been issued to her by the Industrial Commissioner as required by section 352, and a fine of fifty dollars is imposed upon the defendant.