FRIEDA MILLER, as Industrial Commissioner of the State of New York, on Behalf of the STATE INSURANCE FUND, Appellant, v. EBENEZER C. TALBOT, Doing Business as LEONARDSVILLE SALES & EXCHANGE STABLE, Respondent.— The Industrial Commissioner brings this action on behalf of the State Insurance Fund to recover $1,331.06 premiums on a workmen's compensation insurance policy. In the application for the policy defendant gave his place of business as Leonardsville, Otsego county, N. Y., and the character of his business as " horse sales stable — care of horses, demonstration of horses," and that the business which would be conducted away from the plant was " delivery of horses." He contracted with three groups in connection with the cutting, skidding and drawing of logs to the saw mill, and the sawing thereof. One contract was made for the cutting of the logs with Robert Johnson and George Christian, and the price was to be two dollars and fifty cents per thousand. With Floyd Rose and three others as copartners, also for the cutting of trees and the skidding of logs, for which five dollars per thousand was to be paid, and the third contract was with Cass E.

Sweet and four others as copartners for the sawing of the logs at the mill conducted by the parties at six dollars and fifty cents per thousand. In each contract it was provided that the work was to be performed and all tools and machinery furnished by the copartnerships which engaged to do the work. In one of the contracts payment was to be made on the completion of the work, in another weekly, and no time of payment was fixed in the third. The action is brought upon the theory that the contracts were but subterfuges and the relation between the defendant and the several copartners was that of employer and employee. The proof did not sustain the contention of the plaintiff. The State Fund did not furnish a policy insuring defendant's lumber business and venture but only his horse business. The location of the plant was stated in the policy to be Leonardsville, N. Y. The trees which were to be cut appear from the contract to have been located some in the town of Plainfield, Otsego county, where the mill was, and the remainder in the town of Brookfield, Madison county. In *Matter of Glielmi* v. *Netherland Dairy Co., Inc.* (254 N. Y. 60) it was determined that a contract between the claimant and the defendant which stated that the relation which existed was that of independent contractor covered the real relation of employer and employee, but in the instant case the facts are entirely dissimilar. The defendant reserved no right to direct the manner in which the work was to be done, there is no statement as to when the work was to be done in one of the contracts, one provided " said work is to commence February 20, 1937, and to be finished by May 15, 1937," the other the work was to be done between June 10, 1937, and the first day of August of the same year. There is serious doubt if the policy provided coverage had the relation been employer and employee under the statement of the defendant as to the nature and location of his business. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.