FLORENCE SHINBAUM et al., Respondents, *v.* ELLA M. MURPHY et al., Defendants, and CROSS & BROWN COMPANY, Appellant.

Argued January 19, 1942; decided March 5, 1942.

*William E. Lyons* for appellant. Murphy had full and complete freedom of activity in his capacity as real estate broker without control, supervision or direction by the company. His status was established as a matter of law to be that of an independent contractor for whose tortious acts in the operation of his own automobile the company cannot be held responsible. (*Wyllie* v. *Palmer*, 137 N. Y. 248; *Osborg* v. *Hoffman*, 252 App. Div. 587; 280 N. Y. 523; *Brown* v. *Steamship Terminal Operating Corp.*, 267 N. Y. 83; *Howitt* v. *Hopkins*, 219 App. Div. 653; 246 N. Y. 604; *Dunne* v. *Contenti*, 167 Misc. Rep. 925; 256 App. Div. 833; *Malloy* v. *Scott*, 248 App. Div. 882; 275 N. Y. 496; *Sudowski* v. *Toledo Scale Co.*, 243 App. Div. 553.)

*Sidney Pollack* for respondents. No error was committed by the trial court when it held as a matter of law that Murphy was an employee of the company and in this case it was responsible for his tortious acts. (*Standard Oil Co.* v. *Andêrson*, 212 U. S. 215; *Burdo* v. *Metropolitan Life Ins. Co.*, 4 N. Y. Supp. [2d] 819; 279 N. Y. 648.)

*Per Curiam.* We think the courts below erred in declaring as an inference of law that the codefendant Murphy was the servant of the defendant-appellant Cross & Brown Company rather than an independent contractor. Whether the one relation or the other existed between them was a question for the jury. (See *Fritz* v. *Krasne,* 273 N. Y. 649; *Irwin* v. *Klein,* 271 N. Y. 477; *Matter of Glielmi* v. *Netherland Dairy Co.,* 254 N. Y. 60.)

The judgments should be reversed and a new trial granted, with costs to abide the event.

LOUGHRAN, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur; LEHMAN, Ch. J., and FINCH, J., taking no part.

Judgments reversed, etc.