ELECTROLUX CORPORATION, PROSECUTOR-APPELLANT,
v. BOARD OF REVIEW (STATE OF NEW JERSEY UN-
EMPLOYMENT COMPENSATION COMMISSION), AND
HERBERT MOORE, DEFENDANTS-RESPONDENTS.

ELECTROLUX CORPORATION, PROSECUTOR-APPELLANT,
v. BOARD OF REVIEW (UNEMPLOYMENT COMPENSA-
TION COMMISSION) AND CHARLES A. CUMMINGS,
DEFENDANTS-RESPONDENTS.

Argued May 19, 1942—Decided September 18, 1942.

For the appellant, *Pitney, Hardin & Ward* (*Corwin Howell,* of counsel).

For the respondents, *Clarence F. McGovern.*

The opinion of the court was delivered by

HEHER, J.  The question for decision is whether the individual respondents, Moore and Cummings, were employees of the appellant corporation rather than independent contractors, and therefore eligible for unemployment compensation benefits under *R. S.* 1937, 43:21-1, *et seq.*

The Board of Review considered not alone the written contract, but also the course of practice between the parties, and concluded that, under the contract and in point of fact, the claimants were subject to appellant's "direction and control" as regards the service bargained for, and were not "customarily engaged in an independently established trade, occupation, profession or business," and therefore the ser-

vices rendered by them are to be deemed "employment" under the statute. The case of *Schomp* v. *Fuller Brush Co.,* 124 *N. J. L.* 487; *affirmed,* 126 *Id.* 368, was found to be analogous. The Supreme Court on *certiorari* concurred in these conclusions of law and fact.

It is conceded that the writing was designed to remove appellant's salesmen from the category of employees governed by the Unemployment Compensation Act, *supra.* But it was ineffectual as such. Both by the written expression and in fact, the claimants were not free of appellant's "control or direction" as respects the performance of the stipulated service. Under the writing, salesmen theretofore admittedly in the employee category were termed "sales representatives." There were provisions obviously intended to invest them with the status of independent contractors. Yet the change was of the form rather than the substance so far as control was concerned—one whose sole motivation was evasion of the cited statute without an alteration of the essence of the relationship.

Appellant is engaged in the business of manufacturing, selling and servicing electric vacuum cleaners, branded as the "Electrolux Cleaner and Air Purifier." Its sales outlet in New Jersey is through eight branch offices, each in charge of a branch manager. It sells its products direct to the consumer through "local sales representatives" under contracts such as the one here exhibited. The contract granted to the claimants "a non-exclusive franchise to sell" appellant's products on a commission basis, in a limited area, subject to the terms therein laid down. Only "complete cleaners" could be sold, unless "otherwise authorized" by appellant in writing. All orders were required to be taken "on the printed contract form supplied" by appellant, without any variation of terms. Sales on credit were subject to appellant's approval. The sales prices were fixed by appellant; and no deviation therefrom was permissible. Rebates, allowances, concessions or donations were forbidden, "except the regular allowances authorized" by appellant "for used cleaners as provided in the book of trade-in allowances issued" by it, and "discounts

for cash-in-full sales as provided on the face of the printed contract form." These sales representatives were not permitted to vary the trade-in values fixed by appellant. And the claimants agreed that "no other cleaners (new or used)" would be "sold or otherwise dealt in, either directly or indirectly," by them, "except for used cleaners taken in for and on behalf of" appellant and delivered to it as provided in the contract. While the claimants were at liberty, by express provision, to accept or reject "suggestions" made by appellant "as to methods of handling and selling" its products "with a view to promoting for their mutual benefit the sale" thereof through claimants, they were bound to full observance of "the terms, conditions and limitations" of the contract, and the contract itself was terminable by either party on thirty days' notice, without cause, and by appellant without notice for violation of certain provisions. A bond for the faithful performance of claimants' contractual undertaking was required, but appellant provided a "group bond" and invited the participation of the individual representative as an "independent contractor-consignee."

Upon the execution of the contract, the representative was furnished with a sample machine, and a new one was substituted every two weeks. Title to these and all machines sold continued in appellant until transferred to the vendee, and those taken in trade became its property. There were about fifty such representatives in a district. Teams were formed for competitive purposes, and the team leaders were designated by the branch manager. The latter conducted a meeting of the representatives every morning for the purpose of instruction in sales methods, and he received an "overriding" commission upon the sales made by those under his direction. There was close supervision as to sales technique and methods; and it is evident that in practice the representatives were expected to follow the instructions, and that termination of the contract would be the penalty for nonobservance. There was in the relationship such a measure of compulsion in fact as to give rise to the "direction and control" contemplated by the statute. Compare *Schomp* v.

*Fuller Brush Co., supra.* As was said by Cardozo, C. J., in *Glielmi* v. *Netherland Dairy Co.,* 254 *N. Y.* 60; 171 *N. E. Rep.* 906, the contract "is adroitly framed to suggest a different relation, but the difference is a semblance only, or so the triers of the fact might find." Since there was evidence to sustain the findings of fact below, they are conclusive here.

Moreover, the proofs reveal that the claimants were not "customarily engaged in an independently established trade, occupation, profession or business;" and for this reason also the services thus rendered are to be deemed "employment" subject to the provisions of the statute.

Judgment affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, DONGES, HEHER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 12.

*For reversal*—None.