In the Matter of the Claim of Irving Schaimberg, Respondent, against Starbright Laundry et al., Appellants. Workmen's Compensation Board, Respondent.

Third Department, February 3, 1955.

*George J. Hayes, Bernard Katzen* and *Victor Fiddler* for appellants.

*Louis H. Pollak, William J. Isaacson* and *E. Frank Shapiro* for claimant-respondent.

*Jacob K. Javits, Attorney-General* (*Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

Coon, J. Claimant has been awarded compensation for injuries sustained in the course of his work as an "agent driver" for Starbright Laundry. The sole issue is claimant's status and relationship with Starbright. Was he an employee or an independent contractor?

In reaching a final determination that the relationship of employer-employee existed, this case has been given extraordinary attention below. The record is voluminous and contains exhaustive testimony as to the contractual relationship and the operating practices of the parties. The referee found that the claimant was an employee. Upon review, a panel of three members of the board, in a two to one decision, found that claimant was an independent contractor. Thereafter the full board undertook a complete review, and by a vote of eight to four found that claimant was an employee. This would seem to demonstrate, rather effectively, that reasonable minds might differ as to the conclusion to be reached from the evidence, which is ordinarily accepted as the definition of a question of fact. In the memorandum decision of board member Donaldson, in which the majority concurred, it is stated: "The evidence reveals innumerable indicia of employee status." And again: "Likewise, the record indicates evidence of independent contractor status." In the minority memorandum board member Hammer states: "There is in the relationship between the parties some indicia of employee status." These statements strongly suggest a question of fact.

It is neither necessary nor practical to relate here all of the facts covered by the testimony in this voluminous record, and reference will only be made to the general relationship and some of the major factors which support the findings of the board. Starbright Laundry had two classes of drivers in connection with its business, regular drivers, concededly employees, and "agent drivers," of which claimant was one, claimed to be independent contractors. Both worked at collecting and delivering laundry for Starbright exclusively, on a commission basis. There is evidence that the only difference between the two classes was that the "agent driver" furnished his own vehicle (in this case rented by claimant from a third party) and was allowed a larger commission to reimburse him for the cost thereof. Claimant had been engaged in collecting and delivering laundry for Starbright for four years. He was a member of a union representing agent drivers which had a contract with Starbright in effect at the time of claimant's injury. The creation of the class known as "agent drivers" and the wording of the contract sug-

gest an obvious attempt on the part of certain laundries to create an independent contractor relationship for the purpose of avoiding the several burdens imposed by law upon employers. Nevertheless, the terms of the contract between the union and Starbright contain many indicia of an employer-employee relationship, and in many aspects tend to support the finding of the board. It was agreed between the parties by supplemental letter that, despite terms and labels used in the contract, the actual status should be determined by the forum in which the question arose.

The record contains evidence that, in actual practice, Starbright exercised extensive control and supervision over the manner in which the work was done; controlled the time when the laundry was delivered to it; fixed the hours of work; had the right to discharge, subject only to the union contract; fixed the price of laundry service to be charged the customer; provided route sheets which must be followed; received the full sum paid by customers and paid over to claimant his commissions, and did many other things indicating that claimant was in fact its servant. To be sure, some of these things were disputed by other evidence, but the question of credibility is always within the exclusive province of the board, as is the power to weigh the evidence. (*Matter of Gordon* v. *New York Life Ins. Co.*, 300 N. Y. 652; *Matter of Glielmi* v. *Netherland Dairy Co.*, 254 N. Y. 60; *Matter of Morton* [*Miller*], 284 N. Y. 167; Workmen's Compensation Law, § 20.) In the *Morton* case the Court of Appeals uses language appropriate here, saying, at pages 169–170: '' The question to be reviewed by us is not whether claimant was an employee of respondent as a matter of fact, but whether upon the basis of the record before us we must decide as a matter of law that claimant was not an employee.''

Briefs for both sides discuss the case of *People* v. *Gassman* (295 N. Y. 254), which involved '' agent drivers '' for laundries. That case goes no farther than to decide that in a criminal case charging unlawful restraint of trade, '' agent drivers '' are '' workingmen '' within the meaning of an express exemption in the statute. That case involved a different question, presented in a different way, under a different statute and upon different testimony. The majority opinion expressly states at page 261: '' We are deciding this case only.'' While both sides may gain some comfort from certain dicta in that opinion, there is nothing in the case which is controlling here.

The thorough treatment which this case received at the hands of the Workmen's Compensation Board makes it a classical

example of a question of fact which has been finally determined by the full board, and with that determination we may not interfere on this record.

The award should be affirmed, with one bill of costs to be divided between the claimant and the Workmen's Compensation Board, with printing disbursements to each.

FOSTER, P. J., BERGAN, IMRIE and ZELLER, JJ., concur.

Award affirmed, with one bill of costs to be divided between the claimant and Workmen's Compensation Board with printing disbursements to each.