In the Matter of the Claim of BENJAMIN FISHMAN, Respondent, v. IRVING BOYARSKY et al., Doing Business as BAYARD MOTOR CO., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board, appellants contesting only the finding of employment and asserting that claimant worked as an independent contractor in buying used and new cars from dealers for resale by the appellant partnership, an automobile dealer, alleged and found to have been the employer and for convenience hereinafter referred to as such. Claimant bought cars for some five years prior to the accident, exclusively for the employer, who had other buyers as well. He reported personally at the employer's office periodically if not daily. The employer directed him "what to buy and what not to buy" and exercised complete control as to the extent of his territory and as to the firms from which he might purchase cars. He had to obtain permission before negotiating with any dealer and as to particular dealers his instructions might be changed from time to time. Upon each purchase, as "a convenience to facilitate the sale", he issued his personal check which the employer in effect paid by depositing funds to cover it. He advised the employer by telephone of each purchase shortly before or shortly after issuing his check and in some cases apparently obtained advance approval. He received weekly payment of what he termed his "commissions", being 50% of the net profits on the sales of cars purchased by him. The employer's report

of injury, filed two days after the accident, stated (as did a subsequent report) that claimant was employed by it as a buyer and had been so employed for six years on a commission basis. The employer made and reported regular withholdings for Federal income tax and F.I.C.A. employee tax. In his income tax return in evidence claimant identified himself as such employee and reported as wages his income from the employer. Testifying, he denied any joint venture and said, "they gave me my commission at the end of the week and that was it." Neither of the employer partners nor any of their employees was called to testify in contradiction of claimant's evidence. It was for the board to apply the conventional and long-recognized tests of an employer-employee relationship and when, as here, "'conflicting inferences are possible, the finding of the Board prevails.'" (*Matter of Gordon* v. *New York Life Ins. Co.*, 300 N. Y. 652, 654, citing *Matter of Glielmi* v. *Netherland Dairy Co.*, 254 N. Y. 60, 64 and Workmen's Compensation Law, § 20; *Matter of Williams* v. *Nobbs & Williams*, 286 App. Div. 897.) Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board.