■ In the Matter of the Claim of CHARLES WHEELER, Respondent, v. DONALD J. BLAKE et al., Respondents, and ELON K. ROWLEE, Doing Business as FULTON DAIRY FARMS, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the alleged employer and his carrier from an award of the Workmen's Compensation Board. Concededly claimant sustained compensable injuries consisting of a 25% loss of use of his right hand on September 4, 1953, when he was 16 years of age. An award has been made for the injury and an equal amount has been awarded as a punitive award against the employer personally because no employment certificate was on file for claimant at the time of the accident. The principal question presented by the appeal is whether claimant was an employee of Elon K. Rowlee, doing business as Fulton Dairy Farms, and that in turn depends upon whether one Blake was an employee of Fulton Dairy Farms or was an independent contractor. Fulton Dairy Farms was engaged in the retail milk business. Concededly from March 8, 1952 until April 1, 1953, Blake was employed by Fulton as a route delivery man peddling milk over a definite route upon a commission basis. It was then the custom and practice for delivery men to hire helpers if they wished, and the expense of the helper was deducted from the commissions. On April 1, 1953 Blake and Fulton entered into a written agreement which purported to make Blake a free agent and an independent contractor, purchasing his milk from Fulton and reselling it over the same route as he had theretofore. Blake hired the claimant to assist him on the milk route, and while so engaged claimant was injured. Blake carried compensation insurance, and originally an award was made against Blake as employer and his carrier. Thereafter the matter was reopened, restored to the Referee's calendar, and the question of employer-employee relationship was litigated. Appellants first contend that the claim against Fulton is outlawed under section 28 of the Workmen's Compensation Law because no liability was asserted until December 2, 1956, more than two years subsequent to the accident. There is no merit to this contention because claimant was well under the age of twenty-one years when the claim was asserted and litigated. Section 115 of the Workmen's Compensation Law provides that no limitation of time shall run against a minor so long as he has no guardian. After extensive hearings the Referee held that claimant was an employee of Blake and not of Fulton because Blake was an independent contractor. On review the board held that Blake was not a free agent and not an independent contractor, and that an employer-employee relationship existed between Fulton and claimant. While the written contract alone would tend to support the status of independent contractor, it has been held many times that the board may go behind the written contract and ascertain the real relationship from the real nature of the operations between the parties. (*Matter of Morton,* 284 N. Y. 167; *Matter of Glielmi* v. *Netherland Dairy Co.,* 254 N. Y. 60; *Matter of Petelinz Dairy* [*Catherwood*], 9 A D 2d 828; *Matter of Klein* v. *Sunrise Bldg. Co.,* 7 A D 2d 805.) The record discloses that Blake's actual activities following the execution of the written contract were substantially the same as they had been prior thereto when concededly he was an employee. Even the contract provided for considerable control by Fulton. For instance, Blake was required to keep his truck painted in accordance with the color scheme of Fulton as directed by Fulton, and that he would operate under the name of Fulton Dairy Farms. Although under the contract theoretically Blake was the owner of the truck, it was garaged at Fulton's plant free of charge with the keys left in, and was occasionally used by other employees of Fulton. All collections were turned over daily by Blake to Fulton; all bills to customers were made by Fulton on its bill heads; all checks were payable to Fulton; all collections were deposited in Fulton's bank

account; Fulton determined the extent of credit to customers, fixed the retail prices, and furnished a replacement when Blake was ill. These and other factors strongly indicate control by Fulton and an employer-employee relationship. If Blake was the employee of Fulton of course his hiring a helper was as agent for Fulton. Where the record discloses indicia of both relationships conflicting inferences arise, and it is solely within the province of the board to resolve the question. There is ample evidence in the record to sustain the board's determination. Award affirmed, with one bill of costs to be divided among the respondents filing briefs, and printing disbursements to each. Bergan, P. J., Coon, Gibson and Reynolds, JJ., concur; Herlihy, J., dissents, in the following memorandum: The record clearly demonstrates that the claimant was an employee of the respondent Blake as indicated by the payroll records, Blake's report of injury, his application for an employment certificate, the payment of social security benefits and the withholding of income tax deductions. Blake, in turn, had entered into a written contract with the appellant Rowlee in which he agreed to carry workmen's compensation benefits for his employees and accordingly he had an insurance contract with Safeguard Insurance Company which, upon notification, immediately started making compensation payments to the claimant. It was also determined that the claimant was a minor, illegally employed in violation of section 14-a of the Workmen's Compensation Law and the employer, Blake, was found personally liable for increased awards. It thereafter developed that the employer Blake was in financial difficulties and the claimant was having trouble collecting the payments due from him personally. The claimant's attorney and the attorney for Blake and his insurance carrier objected to the finding of the Referee that he was an independent contractor. The board, with one member dissenting, reversed and found that Rowlee was in reality the employer of the claimant, assessed the personal liability against Rowlee and made his carrier liable for the compensation benefits. This is a case of overreaching by the board and on reading the record it is evident that the findings are not sustained by substantial evidence. What the board has arbitrarily done here is to shift the financial responsibility from the employer Blake who because of financial difficulties was unable to pay the double award and to transfer such responsibility to the appellant Rowlee and his insurance carrier. There is no basis in fact to support the conclusion of the board that the agreement was a subterfuge but to the contrary, it would appear that at the time of its execution both parties were acting in good faith. The shifting of financial responsibility from one employer and carrier to another under such circumstances was unfair and unjust and in my opinion not within the contemplation, intent or purpose of the Workmen's Compensation Law. The decision of the board should be reversed and the matter remitted for a further determination not inconsistent with this decision, with costs to the appellants against the carrier respondent.