**MAJOR LEASING SERVICE COMPANY and Hartford Accident & Indemnity Co., Petitioners,**

**v.**

**Charley Polk CROSS and the State Industrial Court, Respondents.**

**No. 40766.**

Supreme Court of Oklahoma.

July 14, 1964.

Covington & Gibbon, James E. Poe, Tulsa, for petitioners.

Bert M. Grigg, Tulsa, Charles Nesbitt, Atty. Gen., for respondents.

WILLIAMS, Justice.

The question to be determined in this proceeding is whether the claimant was an employee or independent contractor.

On March 18, 1963, claimant filed his first notice of injury and claim for compensation. He alleged that at the time he sustained certain injuries he was an employee of Major Leasing Service Company, hereinafter referred to as Major. In its answer Major denied that claimant was an employee and alleged that he was an independent contractor. Following a hearing, the State Industrial Court entered an award for temporary total disability, not to exceed 300 weeks, together with medical expenses. Such award was affirmed on appeal to the State Industrial Court en banc. This proceeding is brought by Major and its insurance carrier for a review of the matter.

The record discloses that on August 19, 1962, claimant was delivering a motor vehicle for Major to Grants, New Mexico, when he sustained injuries in a crash of that vehicle; that claimant had worked for Major since 1958 and during such time he had not been employed by anyone else; that claimant was paid eleven cents per mile one way for delivering vehicles for Major; that claimant was advised by Major to pick up no hitchhikers; that he was instructed to buy only Phillips gasoline; that when there was a used vehicle to be returned to Major, claimant would drive it and Major would pay for the gas and oil; that claimant was advised that the vehicle he was delivering at the time of the crash had to be in Grants on August 20, 1962; that he picked up the vehicle on Friday, but did not leave for Grants until Sunday; that he was not told when to leave nor the route to take; that Major paid to have claimant flown home from Albuquerque after the crash; that if Major was in a hurry for claimant to return from a delivery it paid his expenses home and at times by airplane; that the dispatcher for Major gave claimant instructions concerning the picking up of vehicles for delivery; that claimant for each delivery was given a "pick up order" furnished by Major; that the party to whom delivery was made would sign it and when claimant returned the form to Major he was paid; that Major did not prohibit claimant from working for anyone else; that Major did not withhold social security, income taxes or any other deduction from claimant's check; that on occasion (when an automobile, pick-up or truck required no modification by Major's lessee) claimant was paid by the automobile dealer from whom the vehicle was purchased rather than by Major; that there was no written contract between claimant and Major.

Claimant testified that in 1958 he filled out a form with Major; that he thought it similar to that completed by other employees, but he had not seen the forms used by pay-roll employees; that Major paid for gas, oil and any repairs necessary for the vehicle being delivered; that he paid his personal expenses when making deliveries; that Major could fire him and had fired his son; that he worked an average of six days a week for Major.

Charles Musgrave testified that he was "chief executive officer" of Major; that it was necessary for persons desiring to drive for Major to check with its office to ascertain if there were any vehicles to be transported; that if claimant had not reported on any given day, he would not have been reprimanded; that such would not have precluded him from a future assignment; that claimant's son was not fired but no new assignments were made to him because of an accident he had; that claimant's work was not steady the year around because when the model changes are made Major does not have equipment for four months at a time.

█ For vacating the award of the State Industrial Court, petitioners Major and its insurance carrier, advance two propositions. The first is that "This Court is not bound by the trial court's findings but must exercise its own independent judgment in determining the relationship between claimant and respondents". We agree and have so held in numerous cases. See Swyden Construction Co. v. White, Okl., 383 P.2d 674.

Petitioners' second proposition is that "The evidence shows claimant to be an independent contractor, and not an employee". Under this proposition petitioners contend that " * * * To hold that this claimant was an employee, is effectively to deprive a principal of his right to specify the result which he wants accomplished by a person with whom he contracts. Nothing said or done by this respondent goes beyond the showing of a legitimate interest in the safe delivery of these leased vehicles."

In Cities Service Oil Co. v. Powers, 189 Okl. 600, 119 P.2d 81, in the syllabus we held:

"The question of whether one is an independent contractor or employee must be determined by the facts peculiar to each case. Barnsdall Refining Co. v. State Industrial Commission, 163 Okl. 154, 21 P.2d 749."

■ In the second paragraph of the syllabus in Brewer v. Bama Pie, Okl., 390 P.2d 500, we held:

"The decisive test in determining whether one is an employee or an independent contractor is the right to control the physical details of the work, and such right may be established either by a formal contract or by conduct of the parties thereunder."

■ In the instant case, as noted above, there was no formal contract setting forth the rights of the parties and their relationship. The undisputed testimony was that for the four years preceding his injuries claimant worked only for Major. He delivered vehicles furnished by it. Claimant had no customers or clients of his own. The "pickup order" for the vehicles he was delivering at the time of the crash was captioned "Major Leasing Service, Inc., Box 519, Bartlesville, Oklahoma." Such "order" provided a place for the signature of the person accepting delivery of the vehicles from claimant and a statement by such person as to the condition of the vehicle at time of delivery. As hereinbefore stated, it was necessary for claim-

ant to return such signed and receipted "order" to Major before receiving payment for a trip evidenced by the "order" involved. Claimant had no identity separate from that of Major. Major determined the amount of the charge made to lessee for delivering a vehicle.

In Brenner v. State, 201 Okl. 70, 201 P.2d 236, 240, we said:

"In the case of Glielmi v. Netherland Dairy Co., Inc., 1930, 254 N.Y. 60, 171 N.E. 906, the court was considering a contract of employment designating Glielmi a dairy produce deliveryman, a salesman. Judge Cardozo, in discussing the question of the relationship under the Workmen's Compensation Law of New York, Consol. Laws, c. 67, said: 'We think there is evidence to sustain the finding of the board that claimant was a servant, employed to sell the milk and cream of his employer in return for a commission. The contract is adroitly framed to suggest a different relation, but the difference is a semblance only, or so the triers of the facts might find. * * * Much of his apparent freedom is in truth apparent only * * * If he does anything at variance with the will of his employer, its policy or preference, he knows that his contract of employment may be ended overnight. He is bound hand and foot as long as he works the route at all, his freedom an illusion, and his independence but a name.' "

Major refused to continue to use claimant's son because he had an accident. There is nothing in the record of effect that Major could not summarily terminate its relationship with claimant without incurring any liability.

The facts in the case of Fuller White Chevrolet Co. v. Graham, Okl., 355 P.2d 557, are very similar to those in the present case. In that case the evidence was that the claimant was delivering an automobile when injured; that he was not a regular employee but had been delivering

cars for Fuller White for "a year or two"; that he was paid ten cents a mile; that he took a delivery form prepared by Fuller White and to be signed by the person to whom delivery was made; that he drove back trade ins; and that he was to take the shortest route and not drive a truck over fifty miles per hour the first hundred miles. In that case we held that the claimant was an employee of Fuller White. Therein we said:

"* * * This truck being driven by claimant was owned by the employer and being delivered at special direction of and under the control of the owner for sale to a customer."

We find that the evidence disclosed that the relation of employer and employee existed between Major and claimant.

Award sustained.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.