■ In the Matter of the Claim of FRANK W. GABRIEL, Respondent, v. GABRIEL CONSTRUCTION CORPORATION et al., Respondents, and CONTINENTAL CASUALTY Co., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— STALEY, JR., J. Appeal by the insurance carrier from a decision of the Workmen's Compensation Board, filed March 27, 1968. On April 6, 1966 the claimant Frank W. Gabriel, while working on a jobsite owned by William R. Van Dusen, president of the respondent Van Dusen Roofing Co., was injured as the result of a fight with an employee of Van Dusen Roofing Co. The appellant carrier contends that the claimant who was president of Gabriel Construction Corporation was not working as an employee of the corporation

on April 6, 1966; that there was no policy of workmen's compensation insurance covering Gabriel Construction Corporation on April 6, 1966; that an antedated policy of insurance issued subsequent to the accident is void by reason of voluntary concealment of material facts; that the failure of Gabriel Construction Corporation to file a notice of injury with the carrier for more than four months after the accident was prejudicial to the carrier; that the accident of April 6, 1966 did not constitute an accident arising out of and in the course of employment, and that the board's direction to make payments at a $20 rate is unsubstantiated by competent evidence. At the hearing the material facts bearing on the question of claimant's status at the time of the accident were elicited from the claimant, Van Dusen, and Edward Esserman, the vice-president of Gabriel Construction Corporation. The board has determined that the claimant was an employee and officer of Gabriel Construction Corporation at the time of the injury, and that said corporation was engaged in the performance of contract work for Van Dusen under an oral contract or agreement. Although the evidence relative to claimant's contention that he was an employee at the time of the accident is meager, there is substantial evidence in the record to support the board's finding. Issues of fact involving contradictory testimony and the credibility of witnesses are for the board to determine. (*Matter of Luftig* v. *Stevenson Pie Co.,* 23 A D 2d 920, affd. 18 N Y 2d 734; *Matter of Baum* v. *B. & B. Auto Works,* 15 A D 2d 616, mot. for lv. to app. den. 11 N Y 2d 642; *Matter of Angelino* v. *660 Park Ave. Corp.,* 28 A D 2d 798.) "Dealing with an issue of employment status, the Court of Appeals said: 'When conflicting inferences are possible, the finding of the Board prevails.' (*Matter of Glielmi* v. *Netherland Dairy Co.,* 254 N. Y. 60, 64; Workmen's Compensation Law, § 20.)" (*Matter of Slater* v. *Town of Southport,* 29 A D 2d 592.) As to the issue of workmen's compensation coverage on the date of the accident, there was issued on July 27, 1966 a workmen's compensation policy No. 6344808 to cover the period from December 16, 1965 to December 16, 1966. The policy was issued by appellant's duly authorized agent, one Hanifin, who had written workmen's compensation policies for the Gabriel Construction Corporation since approximately 1954. A previous policy No. 1796836 had been issued to the corporation to cover the period from October 26, 1965 to October 26, 1966 which policy was canceled on December 16, 1965, apparently through error or confusion. Hanifin testified that he was aware of claimant's accident on April 6, 1966 and that, under the contract issued on July 27, 1966, if claimant had a valid claim against the corporation, it would be covered under policy No. 6344808. Appellant on August 9, 1966 advised Hanifin that it would not accept the antedated policy, and it was canceled by appellant effective September 8, 1966. It is undisputed that Hanifin was appellant's agent with policy issuing authority, and the board's finding that Gabriel Construction Corporation was covered on the date of the accident is supported by substantial evidence. (*Matter of Dunn* v. *Ottilio & Sons,* 1 A D 2d 909.) Implicit in the board's decision is its acceptance of the contention that the issuance of the antedated policy was in conformity with an "understanding" with the agent Hanifin, arrived at in a conference in November, 1965, that the "big policy" then in force would be replaced with "a little $1500 policy", all this according to claimant's testimony, which was corroborated by the agent to the extent that he testified in substance that a "mistake" had been made in failing to issue the new policy and thus leaving the employer without coverage. It was within the board's power of factual determination to find that Gabriel Construction Corporation was insured by appellant on the day of the accident. The record also supports the board's findings that claimant's injury arose out of and in the course of

employment (*Matter of Ward* v. *Typhoon Air Conditioning Co.*, 27 A D 2d 785, mot. for lv. to app. den. 19 N Y 2d 582; *Matter of Heyward* v. *Power Serv. Sta.*, 27 A D 2d 618, mot. for lv. to app. den. 19 N Y 2d 579); that the notice of injury was timely filed with the carrier; and that the tentative payment of compensation should be at the minimum rate of $20 per week. Decision affirmed, with one bill of costs to respondents filing briefs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Cooke, JJ., concur in memorandum by Staley, Jr., J.