MERICK TRUCKING, INC., Appellant,

v.

MISSOURI DIVISION OF EMPLOYMENT SECURITY, LABOR AND INDUSTRIAL RELATIONS COMMISSION OF MISSOURI, and William Haynes, Respondents.

No. 19923.

Missouri Court of Appeals,
Southern District,
Division One.

July 20, 1995.

Keith D. Sorrell, Spain, Merrell and Miller, Poplar Bluff, for appellant.

Larry R. Ruhmann, St. Louis, for respondent Missouri Div. of Employment Sec.

Victorine R. Mahon, Jefferson City, for respondent Labor and Industrial Relations Comm'n.

MONTGOMERY, Judge.

This action involves a petition for judicial review of a decision by the Labor and Industrial Relations Commission (Commission) under the Missouri Employment Security Law, chapter 288, RSMo.[1] The Commission affirmed a decision from the Appeals Tribunal of the Missouri Division of Employment Security holding that a trucker was an employee rather than an independent contractor under the provisions of § 288.034.5.

The only issue before this Court is whether William Haynes, as an independent contractor, leased a truck and trailer from Merick Trucking, Inc. (Merick), or whether Haynes was paid wages as Merick's employee while operating the truck and trailer. If Haynes was an employee, he is entitled to wage credits for his unemployment claim and Merick is liable for employment security taxes resulting from such employment. If Haynes was an independent contractor, he is not entitled to wage credits and Merick has no tax liability.

The Commission found that the services Haynes performed for Merick were "employment" subject to chapter 288 and rejected Merick's contention that Haynes was an independent contractor under the test enumerated in § 288.034.5. Merick's petition for review was filed in the Circuit Court of Butler County. The court entered an order

---

1. Statutory references are to RSMo 1994 unless otherwise indicated.

affirming the findings of the Commission. Merick appeals.[2]

■ On this appeal, we review the decision of the Commission, not the judgment of the circuit court. *Burns v. Labor and Indus. Relations Comm'n*, 845 S.W.2d 553, 554 (Mo. banc 1993). The findings of the Commission as to facts, if supported by competent and substantial evidence and in the absence of fraud, are conclusive. *Id.* at 554–55. Determination of the credibility of witnesses is a function of the Commission. *Id.* at 555. This Court reviews the evidence in a light most favorable to the findings and decision of the Commission and disregards all opposing and unfavorable evidence. *Id.*

Section 288.034.5 reads:

Service performed by an individual for remuneration shall be deemed to be employment subject to this law unless it is shown to the satisfaction of the division that such services were performed by an independent contractor. In determining the existence of the independent contractor relationship, the common law of agency right to control shall be applied. The common law of agency right to control test shall include but not be limited to: If the alleged employer retains the right to control the manner and means by which the results are to be accomplished, the individual who performs the service is an employee. If only the results are controlled, the individual performing the service is an independent contractor.

■ The common law defines an independent contractor as "one, who, exercising an independent employment, contracts to do a piece of work, according to his own methods, and without being subject to the control of his employer except as to the result of his work." *Benham v. McCoy*, 213 S.W.2d 914, 919 (Mo.1948). In deciding if a worker is an employee or an independent contractor, "no single test considered alone is conclusive of the ultimate test, the right to control." *Id.*

On May 7, 1991, Haynes and Merick entered into a "Lease Agreement" covering a 1978 Freightliner truck and a flatbed trailer. The lease required Merick to (1) maintain and repair the truck and trailer, (2) pay for the truck's fuel cost, and (3) pay for liability insurance on the truck.

The lease stated that Haynes was not Merick's employee and classified his status as an independent contractor. The lease required Haynes to be responsible for his own self-employment taxes, state and federal income taxes, and his personal expenses incurred while not driving the truck.

The lease further provided that Haynes "is responsible for deciding which freight employments will be accepted by him," and that he "will set his own work schedule." Merick was entitled to 74 percent of the total gross fees received from Haynes' freight hauling and Haynes was entitled to the remainder. The lease concluded by giving either party the right to cancel the lease "at any time."

Haynes and Harold Merick, Jr., president of Merick, both testified before the Appeals Tribunal. Their testimony differed substantially on whether Merick had the right to control or actually did control the manner and means by which Haynes contracted and hauled freight with the leased equipment.

Haynes testified that Mr. Merick wanted him to call in every day because he wanted to know the truck's location and whether it was loaded. Haynes obtained some of his loads from message boards at truckstops and sometimes called Mr. Merick about whether to accept a particular load. Occasionally, Mr. Merick would instruct him to accept or not accept a load. Haynes said that he was not required to check with Mr. Merick about taking a load but Mr. Merick liked for him to do so.

According to Haynes, Merick would occasionally arrange a particular freight job for him. Usually Haynes decided the route to

2. The Missouri Division of Employment Security is also a respondent and joins in the Commission's brief.

take for delivery although Mr. Merick would sometimes instruct Haynes not to take a certain route. Payment from the shipping company was made to Merick except for advance checks made to Haynes for his personal expenses. Merick and Haynes settled their accounts weekly. Haynes testified that he did as Mr. Merick requested because several times Mr. Merick threatened to fire him if he did not do as directed.

The gist of Mr. Merick's testimony indicated that the terms of the lease were expressly followed by each side and that he did not direct Haynes' activities. However, the Commission, as the factfinder, was free to believe or disbelieve the testimony of either witness. Obviously, the Commission believed Haynes in finding that Merick retained the right to control the manner and means by which the results of Haynes' work were to be accomplished.

In *Division of Employment Sec. v. Hatfield*, 831 S.W.2d 216 (Mo.App.1992), the court discussed the application of § 288.034.5 and said:

> Under the authority provided by the legislature, the director of the Division of Employment Security has promulgated regulations to efficiently and properly administer this statute. § 288.220.5. The relevant regulation provides in pertinent part:

>> In order to interpret Section 288.034.5, RSMo (Supp.1989), effective June 30, 1989, the Division shall apply the common law rules applicable in determining the employer-employee relationship under 26 USC Section 3306(i). In applying the provisions of USC Section 3306(i), the Division shall consider the case law, Internal Revenue Regulations and Internal Revenue Service Letter Rulings interpreting and applying that subsection.

> 8 C.S.R. 10–4.150.

Section 3306(i) of Chapter 26 of the United States Code adopts the definition of employee assigned by § 3121(d), which provides that the term employee means "an individual who, under the common law rules applicable in determining the employer-employee relationship, has the status of an employee." 26 U.S.C. § 3121(d)(2).

*Id.* at 218–19.

With reference to § 288.034.5, in *Veterans Services, Inc. v. Labor and Indus. Relations Comm'n*, 861 S.W.2d 781 (Mo.App.1993), the court noted that the Internal Revenue Service identified 20 separate factors in I.R.S. Revenue Ruling 87–41 to be considered and weighed in a determination of whether a worker is an employee or an independent contractor. This Court discussed and set forth each of those 20 factors in deciding *Edward Lowe Indus. v. Missouri Div. of Employment Sec.*, 865 S.W.2d 855 (Mo.App. 1993). Lengthening this opinion with a discussion of all 20 factors is unnecessary in view of the cancellation provision of the lease which clearly allowed Merick to control the manner and means by which Haynes operated his trucking endeavor.

The cancellation provision of the lease gave either party the right to cancel the agreement at any time without any liability. Upon cancellation, the lease only required that "all payments between parties shall be calculated and distributed." Two of the I.R.S. factors which bear directly on such a cancellation provision read as follows:

> 19. RIGHT TO DISCHARGE. The right to discharge a worker is a factor indicating that the worker is an employee and the person possessing the right is an employer. An employer exercises control through the threat of dismissal, which causes the worker to obey the employer's instructions. An independent contractor, on the other hand, cannot be fired so long as the independent contractor produces a result that meets the contract specifications.

> 20. RIGHT TO TERMINATE. If the worker has the right to end his or her relationship with the person for whom the services are performed at any time he or

she wishes without incurring liability, that factor indicates an employer-employee relationship.

From Haynes' testimony, which the Commission found credible, the Commission had evidence that Haynes followed Merick's instructions because Merick threatened to discharge him if he did not. Haynes knew that either party could cancel the agreement at any time. As reasoned in factor 19 above, the right to discharge allowed Merick to exercise control over Haynes through the threat of dismissal.

In deciding if certain workers were employees rather than independent contractors within the meaning of the Oklahoma Unemployment Security Law, the Oklahoma Supreme Court, in *Brenner v. State ex rel. Oklahoma Employment Sec. Comm'n,* 201 Okl. 70, 201 P.2d 236 (1948), addressed a lease provision similar to the one before us. There, Brenner, a tailor shop owner, leased three areas of his tailor shop to former employees. One of the lessees made the trousers to the tailor made suits ordered from Brenner. Another lessee made the vests to those suits, and the remaining lessee made the coats. Brenner paid the lessees for their work. Each lease was subject to cancellation upon 30 days' notice by either party.

In concluding that the lessees were controlled by Brenner and thus, his employees, the court said:

> We can conceive of no situation where control in fact is more effectively retained than here. Whether such control was exercised is immaterial. Any of the lessees who failed to satisfy Brenner as to the quality of work, hours put in, personal habits or otherwise, knew that his lease could be canceled in 30 days, that Brenner could immediately cease sending him work and that he would thereupon be without means of livelihood. Can there be any doubt that under these circumstances Brenner's wish was the lessees' command?

In the case of *Glielmi v. Netherland Dairy Co., Inc.,* 1930, 254 N.Y. 60, 171 N.E. 906, the court was considering a contract of employment designating Glielmi a dairy product deliveryman, a salesman.

Judge Cardozo, in discussing the question of the relationship under the Workmen's Compensation Law of New York, Consol. Laws, c. 67, said: "We think there is evidence to sustain the finding of the board that claimant was a servant, employed to sell the milk and cream of his employer in return for a commission. The contract is adroitly framed to suggest a different relation, but the difference is a semblance only, or so the triers of the facts might find. * * * Much of his apparent freedom is in truth apparent only. * * * If he does anything at variance with the will of his employer, its policy or preference, he knows that his contract of employment may be ended overnight. He is bound hand and foot as long as he works the route at all, his freedom an illusion, and his independence but a name."

Here, if any lessee "does anything at variance with the will of Brenner, his policy or preference" he knows that his contract of employment may be ended at once. *Id.,* 201 P.2d at 240.

■ Here, like the lessee in *Brenner,* and the deliveryman in *Glielmi,* Haynes knew that his contract of employment would likely be ended if he failed to follow Merick's directions. Clearly, the right to discharge without liability creates the right to control as illustrated by *Brenner* and *Glielmi.*

Merick does not dispute that Haynes performed services and in turn received remuneration from Merick. The first sentence of § 288.034.5 deems that arrangement to be "employment" under chapter 288 unless such services are performed by an independent contractor. The Commission's findings that Haynes rendered services to Merick as an employee and not as an independent contractor are supported by competent and substantial evidence. Merick's contention has no merit.

The judgment of the circuit court affirming the Commission's decision is affirmed.

SHRUM, C.J., and FLANIGAN, J., concur.