**ST. CHARLES COUNTY, Appellant,**

v.

**Meredith HUNTER, and Division of Employment Security, Respondents.**

No. 71530.

Missouri Court of Appeals,
Eastern District,
Division Five.

July 15, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 26, 1997.

Application to Transfer Denied Sept. 30, 1997.

Mary Steward Tansey, St. Charles, for appellant.

Alan J. Downs, St. Louis, for respondent.

CHARLES B. BLACKMAR, Senior Judge.

The claimant, Meredith Hunter, was retained as project director under a federally funded environmental grant to the county. Several months later the position was converted to part time and she was not selected for the downsized position. She filed a claim for unemployment compensation under the Missouri Employment Security Law, Chapter 288 RS Mo 1994. The county resisted the claim, asserting that she was an independent contractor rather than an employee, and was therefore ineligible for benefits. The Labor and Industrial Relations Commission sustained the decision of an Appeals Referee finding that she was an employee and conse-

quently entitled to employment credits for the time she worked as project director. The county appealed. We find that the decision is supported by competent and substantial evidence on the record as a whole and affirm.

The initial contract under which the claimant was retained specified that the relationship between her and the county was that of independent contractor rather than employer-employee. In other legal settings it might be appropriate to give great weight to the label the parties put on their contract, but legislative policy provides for benefits for employees who are involuntarily displaced. An employer has a motive for establishing the independent contractor relationship, in that the benefits are financed by employer contributions. The other party is at a disadvantage in questioning the contract the employer tenders. The arrangement is subject to scrutiny and the label the parties assign is not controlling. *See Merick Trucking, Inc. v. Missouri Division of Employment Security*, 902 S.W.2d 871 (Mo.App.1995).

By reason of Section 288.034.5 the common law of agency applies in determining whether an individual is an employee or an independent contractor. The statute embodies the conventional "right of control" test. The Internal Revenue Service has devised a twenty factor test in Revenue Ruling 87–41. The Division of Employment Security has adopted this test by regulation and the courts have approved. *Veterans Services, Inc. v. Labor and Industrial Relations Commission of Missouri*, 861 S.W.2d 781, 786–790 (Mo.App.1993) and *Travelers Equities Sales, Inc. v. Division of Employment Security*, 927 S.W.2d 912, 921–925 (Mo.App.1996) set out the IRS factors in full, with comment. The application of the factors is a factual determination and the courts will defer to the findings of the Commission if they are supported by substantial evidence on the record as a whole. *Veterans Services, Inc.*, 861 S.W.2d 781, 784. The twenty factors are not capable of mechanical application and not all are of equal weight. *Edward Lowe Industries, Inc. v. Missouri Division of Employment Security*, 865 S.W.2d 855, 863 (Mo.App. 1993).

The county points out that the claimant had special knowledge and did not have close supervision (Factor 1); that she received no training from the county (Factor 2); that her services were not related to other county business (Factor 3); that she set her own hours and determined the order of her work (Factors 7 and 10); and that the county did not require oral or written reports (Factor 11). The appeals referee, in a careful opinion, considered these factors but pointed out that there was no reason why the county authorities could not have given her such direction as they thought appropriate.

Weighted against the factors listed in the preceding paragraph are the following: The claimant's services were rendered personally (Factor 4); the claimant hired only a computer assistant, who was paid out of the grant (Factor 5); there was a continuing relationship between the claimant and the county so long as she continued in her position (Factor 6); the claimant devoted her full working time to the project (Factor 8); the county furnished working space (Factor 9) with a rental charged to the grant; the claimant was paid by the month rather than by the job (Factor 12); and agreed variations in the time of payment were not significant; the claimant was reimbursed for expenses out of the grant (Factor 13); and bore only the minor expense of business cards which the grant did not allow; the claimant was not obliged to furnish tools or materials (Factor 14); the claimant had no investment in the project and did not stand to make a profit or suffer a loss (Factors 15 and 16); the claimant did not perform substantial services for others during the time she was in the position and did not hold herself out as available to the public (Factors 17 and 18); and, perhaps most important, the arrangement was freely terminable by the county and by the claimant (Factors 19 and 20).

The foregoing analysis shows that the Commission's decision is amply supported by the evidence in the voluminous record, which need not be discussed further.

The decision is affirmed.

AHRENS, C.J., and CRANDALL, concur.