Decision reversed and matter remitted to the State Industrial Board.

In the Matter of the Liability for Unemployment Insurance Contributions under Article 18 of the Labor Law of WILSON SULLIVAN COMPANY, INC., Employer, Appellant.

FRIEDA S. MILLER, as Industrial Commissioner, Respondent.

Third Department, January 7, 1942.

*Eugene J. Steiner* [*Ellis J. Staley* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Henry Epstein, Solicitor General,* and *Francis R. Curran, Assistant Attorney-General,* of counsel], for the respondent.

HILL, P. J. The appellant, Wilson Sullivan Company, Inc., is a real estate broker, licensed under the Real Property Law (§§ 440 *et seq*). It appeals from a determination of the Unemployment Insurance Appeal Board that it has more than four " real estate salesmen " who are employees as defined in the Real Property Law (*supra*) and not independent contractors. It is not seriously contended that except for article 12-A of the Real Property Law, which controls the licensing of real estate brokers and real estate salesmen, the persons determined to be employees would be independent contractors and appellant would not be subject to a payroll tax levied under the Unemployment Insurance Law upon payments made to them. The term " independent contractor " has been defined both as to its general use and in connection with the Unemployment Insurance

Law. (*Hexamer* v. *Webb*, 101 N. Y. 377; *Matter of Beach* v. *Velzy*, 238 id. 100; *Irwin* v. *Klein*, 271 id. 477; *Matter of Levine*, 283 id. 577; *Matter of Alford* v. *Aluminum Cooking Utensil Co.*, 286 id. 651; *Matter of Binder* v. *Parents' Institute, Inc.*, 259 App. Div. 1103; *Matter of Fidel Association of New York, Inc.*, Id. 486.) The United States Treasury Department has ruled that under the Social Security Act the salesmen of this appellant are not employees; also the president of the appellant testified that the State Insurance Fund, insurer of appellants' employees, has classified the salesmen as independent contractors and not employees under the New York State Workmen's Compensation Law.

Frequently in article 12-A of the Real Property Law a " real estate salesman " is described as one " employed " by a licensed real estate broker. (§ 440.) No person may act as a real estate salesman in this State without first procuring a license as provided in the article. (§ 440-a.) Upon applying for a license, a person desiring to be a salesman must set forth the name and the address of the broker " by whom he is to be employed." (§ 441, subd. 1-A, ¶ [b].) The decision by the Appeal Board cites the foregoing and other sections of the article which describe salesman as being employed by the broker, and determines, " Under the law as outlined by the foregoing statutory enactments, the only relationship that may lawfully exist between the broker and salesman is that of employer and employee. We therefore hold that by statute the broker is constituted the employer of the salesman." Article 12-A of the Real Property Law was enacted for the purpose of requiring that real estate brokers and salesmen be licensed, and it outlines the procedure to obtain licenses.

Whether the relationship is that of employee or independent contractor has always been determined under common-law rules. " The Legislature may not be presumed to make any innovation upon the common law further than is required by the mischief to be remedied. (*Dean* v. *Metropolitan Elevated Railway Co.*, 119 N. Y. 540, p. 547.) " (*Psota* v. *Long Island R. R. Co.*, 246 N. Y. 388, 393.) The opinion in *Roman* v. *Lobe* (243 N. Y. 51) discusses " the Legislature's conception of the mischief to be remedied " when article 12-A of the Real Property Law was enacted, and says in part, " The intrinsic nature of the business combines with practice and tradition to attest the need of regulation. The real estate broker is brought by his calling into a relation of trust and confidence. Constant are the opportunities by concealment and collusion to extract illicit gains. We know from our judicial records that the opportunities have not been lost. With temptation so aggressive, the dishonest or untrustworthy may not reason-

ably complain if they are told to stand aside. Less obtrusive, but not negligible, are the perils of incompetence. * * * The broker should know his duty. To that end he should have ' a general and fair understanding of the obligations between principal and agent.' * * * Disloyalty may have its origin in ignorance as well as fraud " (pp. 54, 55). This article of the Real Property Law enacted under the police power for an obvious reason and not *in pari materia* with the Labor Law, should not be construed because of the terminology used, an innovation upon the common law relative to employees and independent contractors. " Courts however presume that a radical change in the common law by statute, especially when the change affects title to property or rules of liability, will be expressed with the clearness which the importance of the subject demands, or so that its meaning is unmistakable. * * * Construction will not be based on a single section which, when read by itself, appears to overturn a well-established principle of the common law, but that section will be read in connection with all the commands of the Legislature relating to the matter and the intention thus gathered from its command as a whole." (*Seligman* v. *Friedlander*, 199 N. Y. 373, 376.) The intention to change the common law will not be presumed from doubtful statutory provisions. It will be presumed that no change. is intended unless the statute is explicit and clear. (*Jones* v. *City of Albany*, 151 N. Y. 223; *Rosin* v. *Lidgerwood Mfg. Co.*, 89 App. Div. 245; *Matter of Julius Restaurant, Inc.*, v. *Lombardi*, 257 id. 370.) Article 12-A (*supra*) has not changed the common law as to employees and independent contractors.

The decision of the Appeal Board should be reversed on the law and facts, with costs, and this court should determine that the salesmen are independent contractors.

CRAPSER, BLISS, HEFFERNAN and SCHENCK, JJ., concur.

Decision reversed, with costs.