In the Matter of the Claim of MABEL G. GORDON, Claimant, against NEW YORK LIFE INSURANCE COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Appellant.

Argued January 10, 1950; decided February 23, 1950.

*Nathaniel L. Goldstein, Attorney-General* (*Daniel Polansky, Wendell P. Brown* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, appellant.

*Theodore A. Viehe* for claimant.

*Horace C. Winch, Franklin D. L. Stowe, Percy R. Smith* and *Robert J. Hodgson* for respondents.

*Per Curiam.* We find in this record evidence from which conflicting inferences might reasonably be drawn as to whether, at the time of the accident, the claimant was an employee of the New York Life Insurance Company. In those circumstances we cannot rule as a matter of law, as has the Appellate Division, that the claimant was an independent contractor. " When conflicting inferences are possible, the finding of the Board prevails." (*Matter of Glielmi* v. *Netherland Dairy Co.*, 254 N. Y. 60, 64; Workmen's Compensation Law, § 20.)

The order of the Appellate Division should be reversed and the award of the Workmen's Compensation Board confirmed, with costs in this court and in the Appellate Division.

DESMOND, J. (dissenting). As I see this record, there is plenty of evidence that the parties intended that claimant should not be an employee of respondent, and no evidence at all of any such control by respondent of the method and details of doing the work as would permit a finding that claimant was respondent's employee (see *Matter of Wilson Sullivan Co.*, 289 N. Y. 110, 112, citing *Matter of Beach* v. *Velzy*, 238 N. Y. 100). In the *Wilson Sullivan* case (*supra*), which arose under the Unemployment Insurance Law (Labor Law, art. 18), the question was the same as here, that is as to whether certain real estate salesmen for the Sullivan Company were employees. In that case this court held as matter of law that the real estate salesmen were not employees, although the words " employer ", " employed " and " employing " were used a number of times in the statute pursuant to which these real estate salesmen were licensed by the State. There are quite striking similarities of fact between the *Sullivan* case and this one, and it seems to me that the *Sullivan* case, if anything, was a stronger one for finding an employer-employee relationship, since, as pointed out in the majority opinion in the *Sullivan* case, the corporation was quite active in giving assistance to its salesmen, such as furnishing, at the corporation's expense, office and desk space and telephone service, and providing them leads, that is, names of prospects. In the present case claimant, after a short period of instruction, was very much on her own, found her own prospects, worked when she pleased and anywhere in the territory of the particular district office. In other words, after her preliminary training, she just went out and attempted to sell life insurance anywhere

she could, with no compensation except commissions for policies actually written. While respondent conducted a meeting of its agents every week, claimant was not required to attend, and there was no evidence at all that respondent in any way controlled or supervised claimant's methods of work or paid any attention to them.

Since these people provided, by a plain, clear contract, that their relationship should not be that of employer and employee, it seems to me, as it seemed to the majority of the court in the *Wilson Sullivan* case (*supra*), that this claim cannot be allowed unless we are to say that an insurance company cannot have anything but an employer-employee relationship with its soliciting agents or, in other words, as Judge FINCH put it in the *Wilson Sullivan* case (*supra*), " that the recognized common law relationship of independent contractor has been outlawed by the statute " (289 N. Y. at p. 115).

I favor affirmance.

LOUGHRAN, Ch. J., LEWIS, CONWAY and DYE, JJ., concur in *Per Curiam* opinion; DESMOND, J., dissents in opinion in which FULD and FROESSEL, JJ., concur.

Order reversed, etc. [See 300 N. Y. 742, 301 N. Y. 570.]