In the Matter of INTER CITY ASSOCIATES, INC., Appellant. EDWARD CORSI, as Industrial Commissioner, Respondent.

Third Department, October 20, 1954.

*Samuel L. Meltz* for appellant.

*Nathaniel L. Goldstein, Attorney-General (Francis R. Curran* and *Wendell P. Brown* of counsel), for respondent.

IMRIE, J. This is an appeal from a decision of the Unemployment Insurance Appeal Board, which affirmed the decision of an unemployment insurance referee sustaining an initial determination by the Industrial Commissioner that Inter City Associates, Inc. (to be herein referred to as employer), was subject to the Unemployment Insurance Law. The employer is a licensed real estate broker, maintaining an office with two salaried employees (whose status is not in question) and having associated with it up to twenty licensed real estate salesmen. This proceeding has to do with four or five of such salesmen, said to have been employed for a period of fifteen days commencing February 13, 1952.

Those salesmen were licensed under the provisions of article 12-A of the Real Property Law. Such licensing requires an

application by the salesman which must disclose, among other things, the name of the broker by whom he is employed. The broker must join in the application for the license, which is issued to the salesman as the employee of a specific broker. Upon termination of such employment the salesman's license must be returned to the department, but may be reissued when he enters the employ of another licensed broker.

The board has found, as fact, that these salesmen in question were employees. It is contended, with reason, in employer's behalf that the referee's decision constituted a conclusion of law as an interpretation of the provisions of the licensing statute. The Appeal Board held hearings in addition to those held by the referee. While, in affirming the referee's decision, the board adopted his findings of fact and conclusions of law, it stated that its decision was made after " a careful review of the record, testimony and evidence adduced before the referee and before the Board " and has qualified the adoption of findings of fact and conclusions of law with the words, " except that the Board's decision is based upon the extent of the direction and control exercised over the salesmen in question by the employer herein."

In view of the factual finding, employer's appeal, in effect, asks this court to find as a matter of law that the salesmen were independent contractors rather than employees. To justify such a request, our attention is directed to the asserted similarity of employer's contracts with its salesmen to statements of this court and the Court of Appeals in *Matter of Wilson Sullivan Co.* (*Miller*) (263 App. Div. 162, affd. 289 N. Y. 110). There are marked distinctions between that case and this. The record in that case discloses that the board made no finding of fact as to the existence of an employer-employee relationship. Here there is such a finding. In that case, as was pointed out by the Court of Appeals (p. 113), the board relied " not upon the evidence produced before them, but upon an interpretation of  *  *  * article 12-A of the Real Property Law ". Here the finding was on the record rather than as a conclusion of law. In that case the court ruled that the record disclosed no substantial evidence to sustain the findings of the Appeal Board. The record in this case has substantial evidence to support the board's finding of the relationship of employer and employee.

The instant case bears a closer analogy to *Matter of Gordon* v. *New York Life Ins. Co.* (300 N. Y. 652, 654) where it was said, " We find in this record evidence from which conflicting inferences might reasonably be drawn as to whether, at the time of

the accident, the claimant was an employee of the New York Life Insurance Company. In those circumstances we cannot rule as a matter of law, as has the Appellate Division, that the claimant was an independent contractor.''

There is no neat device by which a person may be catalogued as an employee or an independent contractor. In either case the relationship is determinable under common-law rules. (*Matter of Wilson Sullivan Co. [Miller]*, 263 App. Div. 162, 163, *supra*.) Important in the inquiry is the nature of the control and supervision, if any, exercised by the one to whom the services are rendered. (*People ex rel. Feinberg* v. *Chapman*, 274 App. Div. 715, 718.) By way of illustration, a portion of this employer's activities was in the sale of builders' developments, requiring the presence of salesmen on the ground, particularly on weekends. There was clear evidence such persons were required to attend. It is reasonably to be inferred that directions to such effect had to be given by someone in authority. Again, when salesmen were in employer's office, prospects were taken by them under a system of rotation.

The record discloses a relationship between the employing organization and its so-called associates implicit with conditions justifying the reasonable inference that there was a directing influence exercising the degree of supervision and control necessary to establish a co-operating unit for the promotion of employer's activities.

The decision should be affirmed, with costs to the Industrial Commissioner.

FOSTER, P. J., BERGAN, COON and HALPERN, JJ., concur.

Decision affirmed, with costs to the Industrial Commissioner.