In the Matter of the Claim of JAMES NEAR, Respondent, against GORDON BROWN, Respondent, and WILLIAM CLICK et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

In the Matter of the Claim of JOHN D. NEAR, Respondent, against GORDON BROWN, Respondent, and WILLIAM CLICK et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

In the Matter of the Claim of MELVIN FREEMAN, Respondent, against JOHN D. NEAR et al., as Partners, et al., Respondents, and WILLIAM CLICK et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, March 9, 1955.

*Noel S. Symons* and *Thomas J. Kelly* for appellants.

*Winton H. Church* for John D. Near and another, claimants-respondents.

*Paul D. Williams* for Melvin Freeman, claimant-respondent.

*Jacob K. Javits, Attorney-General* (*Gilbert M. Landy* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

IMRIE, J. William Click, employer, and his insurance carrier have appealed from Workmen's Compensation Board decisions awarding compensation to claimants in the three above cases and reforming the policy of workmen's compensation insurance to the extent necessary to effect coverage.

Respondent Brown is an attorney at law. For about eighteen years he had conducted an agency, writing various types of insurance, including compensation. Among others, he represented this appellant carrier. In addition to his other activities, since 1942 he had been engaged in the construction of small homes. In that enterprise he let out portions of the work to persons referred to in the record as subcontractors. Claimants Near had subcontracted the installation of concrete walls, cellar floors and sidewalks, usually at the price of $450 for each dwelling. Different individuals had subcontracted the carpentry including, more recently, three men operating as a partnership under the name of Modern Homes Construction Company. One partner entered the army and another moved to Florida. The third, Click, continued such work for Brown. On occasion he also undertook the entire construction of houses for Brown and once, at least, the completion of a house left unfinished by another contractor. In this work Click hired carpenters and others, usually part-time workers, charging Brown on the basis of the hourly pay of the men plus a percentage. He testified that he controlled the men and paid them as subcontractor.

In 1951 Brown set out to build additional houses in a project which required the construction of a drain or storm sewer. He found a contractor with ditching equipment who, however, could provide no labor. He discussed the labor problem with Click, who told him that men would be difficult to find unless he could hire the claimants Near, who had completed their contract work for Brown. Click and Brown talked to James Near about laying tile in the ditch and engaged him and, through him, his father, John D. Near, at $2.25 an hour. Claimant Freeman was engaged by James Near. The three men were injured August 13, 1951, by a cave-in of the ditch in which they were working. Neither the accident nor the injuries are disputed. The basic issue raised on this appeal is that claimants were employees of Brown instead of Click or that the Nears were independent contractors and Freeman their employee. While conflicting inferences with reference to the status of claimants might be drawn from the evidence in the record, questions of fact were presented, which the board has resolved by finding claimants the employees of Click. The finding was based on substantial evidence and is

final and controlling. (*Matter of Gordon* v. *New York Life Ins. Co.,* 300 N. Y. 652.)

The second issue has to do with the decisions reforming the policy to effect coverage of claimants. Several months before the accident Click suggested to Brown that he, Click, should carry compensation on his workmen. According to Click this was to include " all of the men that were on day labor." Brown called appellant Ætna to secure a policy in Click's name, describing (as he testified) the coverage as general construction, with carpentry constituting the bulk of the work. A policy was issued effective March 7, 1951. It classified the operation as " Carpentry — N. O. C. [not otherwise classified]." The board found that the policy embraced the claimants, their employment, the accident and injuries, and reformed it to the extent necessary to effect such coverage. Here, also, the evidence was such that conflicting inferences might be drawn as to the intended coverage of the policy. Substantial evidence supports the finding of the board in that respect, which is conclusive here.

The decisions and awards should be affirmed, with one bill of costs to Workmen's Compensation Board.

FOSTER, P. J., BERGAN, COON and ZELLER, JJ., concur.

Decisions and awards affirmed, with one bill of costs to the Workmen's Compensation Board.