■ In the Matter of the Claim of ROSE BERKMAN, Respondent, against BILLIG MANUFACTURING CO., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Two alleged employers and their respective carriers appeal from an award of death benefits. The award was apportioned one fifth against appellant Danshades and four fifths against appellant Billig upon the theory that the decedent was a joint employee of both, and the apportionment was made on the basis of remuneration paid to decedent for his services by each employer. Claimant was an outside salesman engaged in selling different types of lamps and lamp shades for each employer. He was killed in an automobile accident under circumstances which justify a finding that his death occurred in the course of his employment. Both appellants contend that decedent was an independent contractor and not an employee. We deem it unnecessary to recite the detailed method of operation showing the relationship between the appellants and the decedent. Suffice it to say that there are present in the record some of the usual indicia of an independent contractor; some of the usual indicia of an employer and employee relationship, and many circumstances which would be equally consistent with the relationship of independent contractor and the relationship of employer and employee. Under such circumstances the relationship becomes a question of fact, and this court may not say as a matter of law that the relationship was that of independent contractor. (*Matter of Gordon* v. *New York Life Ins. Co.*, 300 N. Y. 652; *Matter of Klein* v. *Sunrise Bldg. Co.*, 7 A D 2d 805.) Although decedent must be considered a joint employee of two employers the board was not bound to apportion the award equally between them. Apportionment is a factual determination to be made by the board upon a fair and equitable basis under all the circumstances presented. (*Matter of Hunt* v. *Regent Devel. Corp.*, 3 N Y 2d 133.) Award unanimously affirmed, with one bill of costs to the Workmen's Compensation Board against appellants. Present — Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ.

■ In the Matter of the Claim of ANNA TARATINO, Respondent, against EM CEE FASHIONS et al., Appellants, and FIREMEN'S FUND INDEMNITY COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier, the Great American Indemnity Company, from a decision of the Workmen's Compensation Board which found that the claimant had an occupational disease and set December 8, 1956 as the date of disablement. The claimant began work for the appellant employer in September, 1954 and in November, 1954 she noticed a rash on her hands. She consulted a doctor in February, 1956 but he did not determine the cause of the rash. She consulted another doctor on December 8, 1956 who performed a patch test on the plastics which the claimant came in contact with at her work and he determined that she had contact dermatitis. The claimant did not return to work after December 8. The dispute here is between carriers as to whether the board properly set the date of disablement as December 8, 1956. The date set was the time at which the dermatitis first had an adverse effect on the claimant's wage earning and it was therefore the proper date of disablement. (*Matter of Muniak* v. *ACF Ind.*, 7 A D 2d 258.) Decision and award unanimously affirmed, with costs to the Fireman's Fund Indemnity Company. Present — Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ.