■ In the Matter of the Claim of EUGENE W. HUDSON, Respondent, v. REYNOLDS LUMBER COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board, appellants contesting (1) the finding of employee-employer relationship between claimant and appellant Reynolds Lumber Company (hereinafter referred to as Reynolds); and (2) the finding of accident arising out of and in the course of claimant's employment by appellant Reynolds. Some months prior to the accident one Cromling entered into an oral agreement with Reynolds to furnish the labor and equipment for cutting logs on Reynolds' wood lot and transporting them to Reynolds' sawmill, for which Cromling was to be paid a fixed sum per 1,000 feet. It is clear that after the work had progressed for some time and a considerable quantity of logs had been cut but not removed, Cromling's men were not being paid and, further, that he was unable to supply adequate equipment, although Reynolds had paid him substantial sums to apply on the contract price. Thereupon and some few days before the accident, the parties entered into a new arrangement whereby Cromling and his three employees, including claimant, were put on Reynolds' payroll, each at $1 per hour. As to this, Mr. Reynolds, the proprietor of the appellant company, testified: "That was deducted out of the price per thousand feet that they got. We took out all the withholding and everything that had to be taken out, and they was on our insurance, of course, naturally." It is clear that, departing from the original agreement, Reynolds now furnished what was for this relatively small, four-man operation a substantial amount of equipment, including a tractor and a truck. Cromling considered that under the new arrangement he became merely the foreman on the job and that in supervising claimant's work he acted for Reynolds. There was no close supervision of Cromling but apparently none was required, beyond Reynolds' direction as to the size of the logs to be cut. Reynolds, nevertheless, exercised some control. Mr. Reynolds said that Cromling had authority to hire "whoever he wanted * * * as long as they were 18 years old"; but Mr. Reynolds limited the men's working time to 40 hours per week to avoid payment of overtime. Claimant testified that at the time of the new arrangement Cromling asked him to work for Reynolds and that when he returned to work after the accident he reported at the Reynolds wood lot and worked for Reynolds for some months. Prior to and upon the hearings Reynolds seemed to concede, or, at least, not to question the employer-employee status generally; as evidenced by its statement in a letter to the board that claimant was not working for it "on the day he was injured, although he was on our payroll at the time", but was "merely watching" Cromling performing work which had "nothing at all to do with our job in any way therefore we do not feel that we are connected with the accident at all"; and as further evidenced by Reynolds' attorney's expressed agreement with the Referee's statement that if the accident had happened at the Reynolds sawmill "there wouldn't be any question", the Referee adding, after counsel had so agreed, "That disposes of the employer-employee thing right there by itself. Now, the primary question is whether this accident on this particular morning arose out of and in the course of the employment, or was it outside the employment?" Although the case was close upon the issue of employment status and another trier of the facts might have reached a contrary result, there was sufficient evidence, which the board was entitled to credit, to support the decision. The determination, upon conflicting inferences, of the issue of employer-employee relationship is for the board and its finding must prevail. (*Matter of Gordon* v. *New York Life Ins. Co.,* 300 N. Y. 652, 654.)

Prior to the accident a tractor of Cromling's was loaded on the Reynolds truck to be transported to Reynolds' wood lot for use there, as the board found upon substantial evidence, but at the time of the accident the truck was upon Cromling's premises and, as the board was also entitled to, and did find, claimant was standing at the rear of the truck, after assisting Cromling in backing it, waiting for a piece of timber to be cut for his and Cromling's use in unloading the tractor at the Reynolds wood lot that same day, he and Cromling planning to go there as soon as the timber was cut. Mr. Reynolds admitted that because a heavier tractor was needed this one was to be taken to the wood lot and he said that he might have given permission for the use of the truck to transport it but did not remember. The accident occurred when the belt of the saw broke and struck claimant, causing the loss of an eye. Upon this record, we cannot say that the award was not supported by substantial evidence. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board.