In the Matter of the Claim of MILDRED E. WEBSTER, Respondent, v. ALGER MASON et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, June 29, 1961.

*Walworth & Harding* (*Fayette C. Walworth* of counsel), for appellants.

*Wein & Greenberg* (*Arthur R. Greenberg* of counsel), for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General (Daniel Polansky and Roy Wiedersum of counsel), for Workmen's Compensation Board, respondent.*

GIBSON, J. P. Appeal is taken by an alleged employer and his insurance carrier from a decision and award of the Workmen's Compensation Board on account of decedent's death, found to have been caused by bee sting while decedent was at work as a plumber; appellants contesting the findings of employment status, accident and medical causation.

The alleged employer, a building contractor engaged principally in the remodeling, repair and maintenance of Summer homes at Lake George, in connection with his contracts or other arrangements with his customers made frequent use of decedent's services in performing plumbing and heating work. It was conceded that decedent worked as an independent contractor until a date four months prior to his death and claimant widow testified that after such date he worked as an employee. Although appellant denied such a change in the arrangement, he admitted that he paid decedent at an hourly rate, supplied the materials and assumed the responsibility for the jobs to which he assigned decedent; that decedent was given access to the tools and supplies in appellant's construction yard or warehouse and was authorized to call upon appellant's employees for assistance in his work; that appellant told decedent "what had to be done and he did it" and testified, "naturally if it wasn't right and I didn't like the looks of it, I would speak to him about it"; that customers' complaints would be addressed to appellant and if additional work had to be done, he would instruct decedent to make the necessary changes. With respect to the Urban job and premises upon which accident was found to have occurred, appellant admitted that he discussed with decedent some unfinished work to be done there and did "send him up to Urban's"; that he "gave him instructions that week to do certain work and some of it was at Urban's"; and that during that Summer period "every thing [decedent] did * * * was on an hourly basis". Under the authorities the board's determination upon evidence of this nature was fully warranted. (*Matter of Denman* v. *Many & Zanetti,* 8 A D 2d 576, affd. 8 N Y 2d 799; *Matter of Eastman* v. *Cottman,* 7 A D 2d 794; *Matter of Muccino* v. *Hilltop Terrace,* 1 A D 2d 853.)

That decedent owned a truck bearing his name and had his own billheads was not of compelling evidentiary weight, particularly in view of the conceded fact that in the past he had worked as an independent contractor not only for appellant

but for others. Neither, of course, was the board bound to find conclusive the circumstance that decedent was not carried on appellant's books as an employee, so that the usual deductions and payments would be made and compensation insurance charged for on audit. " ' When conflicting inferences are possible, the finding of the Board prevails '. (*Matter of Glielmi* v. *Netherland Dairy Co.*, 254 N. Y. 60, 64; Workmen's Compensation Law, § 20.) '' (*Matter of Gordon* v. *New York Life Ins. Co.*, 300 N. Y. 652, 654; *Matter of Denman* v. *Many & Zanetti, supra.*)

In support of their position, appellants cite a number of cases in which, upon close evidence, contractual status was found but in each instance (except one, where the case is in no way in point) that finding was *by the board* and our affirmance was mandated by substantial supportive evidence and accorded with the rule in *Gordon* (*supra*) which requires affirmance here as well.

The board's findings of a compensable industrial accident causing death are also supported by substantial evidence and must be affirmed. The employer testified that it was his work that took decedent to the Urban premises and that his reason for not billing Urban was that decedent had " been there such a little time * * * hadn't been there over half an hour when this happened."

The coroner certified death as due to bee sting and as accidental. Such an occurrence may, of course, be found to constitute an accident. (*Matter of Lepow* v. *Lepow Knitting Mills,* 288 N. Y. 377; *Matter of Richmond* v. *Mass & Bizrt,* 275 App. Div. 879.) The coroner, who was a physician and who examined decedent's body shortly after death, found that decedent was stung while upon the Urban premises, that he had a hypersensitivity to bee venom (as evidenced by a severe reaction to a bee sting three years before, which was aborted by prompt treatment by a physician who happened to be nearby), and that he died from asphyxia following an anaphylactic type of reaction which was not treated in time to prevent death. The coroner found over decedent's eyebrow a " pin point prick mark " which he identified as the point of the bee sting. The source of the history of the accident was not identified except as received from one of the volunteer firemen who answered the emergency call to the Urban premises, and perhaps from others, and appellants contend that this hearsay was not corroborated. (Workmen's Compensation Law, § 118.) There seems to us ample corroborative proof. The prick wound which the coroner

observed constituted corroboration, as did the nature of decedent's physical reaction itself, in the light of his proven sensitivity. Further, the employer, who with other volunteer firemen responded to the emergency call to the Urban premises, in his report of injury twice stated that decedent was "killed by bee sting", and this, of course, constitutes direct and independent evidence of accident (*Matter of Hoffman* v. *Grain Handling Co.,* 7 A D 2d 675, motion for leave to appeal denied 5 N Y 2d 709); and as proof might perhaps be considered of greater force in this case by reason of the employer's presence at the scene with opportunity of "investigation and consideration" before making a considered statement of this nature. (*Matter of Scott* v. *Schaefer & Sons,* 3 A D 2d 775, 776; *Matter of Smith* v. *Venezian Lamp Co.,* 5 A D 2d 12, 13.) The admissions may well be given additional weight in the light of the facts that appellants' counsel, although calling and examining appellant employer and eliciting proof that he went to the scene of the accident when the community siren indicating emergency was sounded, did not question the employer as to his admissions nor otherwise seek to deny, qualify or explain them. Although we prefer to regard them as direct proof of accident, admissions of this nature have also been treated as corroborative of hearsay. Thus in *Matter of Ostrowski* v. *Mohawk Carpet Mills* (275 App. Div. 874) the statutory requirement of corroboration was found to have been met "by the independently established fact that the employee became ill while at work; by the similarity of the history given to two physicians by the employee; by the physical findings of the physicians, and by the admissions of the employer in its report indicating the employee suffered an injury."

Although appellants' medical expert denied causal relation, he admitted that he would be inclined to change his opinion upon acceptance of certain facts stated by claimant's counsel which could properly be assumed from the evidence. The conflict in the medical evidence was, in any event, for the board's determination.

The decision and award should be affirmed, with one bill of costs to respondents filing briefs.

HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Decision and award affirmed, with one bill of costs to respondents filing briefs.