■ In the Matter of JOSEPH DISHAW, Respondent, v. CITY OF OGDENSBURG et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an alleged employer and its carrier from the decisions and award of the Workmen's Compensation Board. Claimant, employed as a seasonal laborer in the Water Department of appellant city, was injured on October 2, 1957 when the side of a trench in which he was working caved in. The excavating work was being performed on municipally owned property located between the sidewalk and curb in front of premises owned by one Le Clair in an endeavor to uncover a clogged sewer line which served his premises. Claimant testified that when he reported for work at the Water Department on the morning of September 27 he was directed by the foreman, Mr. Mallette, "to go to work for Mr. Le Clair" and that on October 1 and October 2 Mr. Mallette appeared at the job site and instructed him where to dig the ditch in order to locate the pipe for which he was searching. It is undisputed that the claimant was transported to the work in a city-owned truck and that he used municipal tools and equipment to perform the digging operation. It also appears that the city erected a barrier around the open excavation and that after the accident its employees graded the trench which claimant had dug. Appellants maintain that when injured claimant was not in the employ of the city. Mr. Mallette testified that on September 27 at their joint solicitation he released claimant from his public employment that he might aid Mr. Le Clair in relieving the stoppage in the sewer line. Although this witness admitted a casual inspection of the site on at least one occasion, he denied that he gave any directions in connection with the performance of the excavatory work. Mr. Le Clair stated that claimant was in his hire and that he paid him for his services. In these circumstances we cannot say as a matter of law that claimant was in the employ of the property owner at the time of his injury. The issue of employer-employee relationship was a factual one and to support the decision there is substantial evidence which the board was entitled to credit. (Workmen's Compensation Law, § 20; *Matter of Gordon* v. *New York Life Ins. Co.*, 300 N. Y. 652, motion for reargument denied 300 N. Y. 742; *Matter of Hudson* v. *Reynolds Lbr. Co.*, 12 A D 2d 541; *Matter of Grigoli* v. *Nito*, 11 A D 2d 581; *Matter of Klein* v. *Sunrise Bldg. Co.*, 7 A D 2d 805, motion for leave to appeal denied 5 N Y 2d 711.) In a supplemental decision the board excused the failure of claimant to give the written notice of injury prescribed by section 18 of the Workmen's Compensation Law. Concededly, the foreman had actual knowledge of the accident on the date of its occurrence. Moreover, appellants have

demonstrated no prejudice by the delay. (*Matter of Korzeniewski* v. *Kellogg Co.*, 12 A D 2d 570; *Matter of Curry* v. *New York City Omnibus Corp.*, 11 A D 2d 546.) We find no basis in the record to support appellants' claim of misconduct on the part of the Referee. Decisions and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.