■ In the Matter of George Beatty, Doing Business as Beatty Supply Co., Petitioner, v. Commission of Investigation of the State of New York, Respondent. — Motion to resettle order. Order settled to provide as follows: Stay of March 16, 1962 modified to allow respondent Temporary State Commission of Investigation to subpœna and examine in accordance with law the petitioner and relevant books or documents in his possession or control. The stay of March 16, 1962 to the extent only it precludes present utilization of the impounded material by the respondent is not affected by this decision. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.

■ In the Matter of the Claim of Leona Tait, Respondent, v. Town of Delhi et al., Appellants. Workmen's Compensation Board, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. The question presented by this appeal is whether decedent, whose death resulted from injury in the course of work for the Town of Delhi, was an employee of the town or an independent contractor. The Town Superintendent of Highways testified that he told decedent, who was a laborer, that the town wanted to tear down a shed. The superintendent testified: "he wanted the job of tearing it down", and that decedent told him that if he could do the work of tearing down the shed on Saturdays "I will tear it down for fifty dollars". The superintendent continued: "I says, 'All I care about is the two by fours and two by sixes and the two doors on this end. The rest of the stuff you can do whatever you please with because I don't have any use for it. When you are through —' he was to get fifty dollars for the job." There is proof in the record that decedent's regular job was a grave digger in a cemetery; he did not have any other regular "business"; he had never hired out for demolition before; he had no employees; nor did he carry any liability insurance. His wife testified concerning the job that "He was tearing it [the shed] down and he was to have fifty dollars when it was completed." In the town's report of injury, after the word "employer" in the form the words "Town of Delhi" were added, and after the name of "foreman" the name of the Town's Superintendent of Highways was added. To the question "What was employee doing?", the answer was "Taking down Town Shed." There is in the record some proof suggesting that decedent was not regarded as an employee of the town; he was not on any payroll as an employee; there was a one-time and single amount payment to be made and decedent did not use tools furnished by the town. There seems, also, to have been no supervision or direct "control" over the actual performance of the work, although the superintendent did give decedent directions in respect of the disposition of the material taken from the shed. On this record, therefore, the inference is admissible that decedent was an employee; and in such a situation the board's finding of employee status must be affirmed. (*Matter of Gordon* v. *New York Life Ins. Co.*, 300 N. Y. 652.) The board made such a factual finding directly and unequivocally. Its additional rationalization in the memorandum of decision that there was "control over the manner of performance", even if erroneous, does not, on the showing made in this record, destroy the direct finding of employment which the board could properly make without reference to the rationalization. Award affirmed, with costs to the Workmen's Compensation Board. Bergan, P. J., Gibson, Herlihy and Taylor, JJ., concur; Reynolds, J., dissents and votes to reverse and to dismiss the claim.