■ In the Matter of the Claim of JAMES SAN FILIPPO, Respondent, v. FRANK SAN FILIPPO, Doing Business as PHILLIPS ESSO SERVICE STATION, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision and award of the Workmen's Compensation Board. Claimant was injured on October 8, 1958 when gasoline with which he was cleaning the floor of a gas station suddenly ignited. The sole question raised on this appeal is whether the board could properly find that claimant was employed by the employer herein at the time of the accident. The difficulty in this case stems jointly from the fact that at the time of the accident claimant was collecting unemployment insurance and the fact that since the employer was claimant's brother, the alleged employment relationship was on a very informal basis. While the fact that claimant was receiving unemployment benefits is evidence in appellants' favor, it is obviously not dispositive of the issue of employment in this case. The only payroll records for claimant were made after the accident and of course this supports appellants' position, but both claimant and his brother, the employer, testified that claimant had worked at odd times for the brother since claimant was old enough to work and that since August, 1957 claimant had worked regularly for 3½ to 4 hours every Wednesday evening. There is testimony by the brother that he had instructed claimant to undertake the task during the performance of which injury occurred. This testimony was corroborated by one Smith, a used car dealer, who shared office space in the station. Smith also testified that claimant worked regularly at the station and that on occasions he had seen claimant and the brother " settle up ". While Smith's observations are not proof of a contractual relationship between claimant and his brother, this testimony by a supposedly disinterested witness adds credence to the testimony of claimant and his brother. Credibility, of course, is strictly within the province of the board (*Matter of Blaine* v. *Big Four Inds.*, 17 A D 2d 381; *Matter of Manolakis* v. *Edison S. S. Corp.*, 15 A D 2d 845). The appellants reasonably argue that the testimony favorable to the claimant under all the surrounding circumstances is to say the least difficult to believe, but it is not so incredible as to require its exclusion as a matter of law

(*Matter of Blaine* v. *Big Four Inds., supra*). The issue of employment as presented here is factual and thus the board's decision if supported by substantial evidence must prevail (Workmen's Compensation Law, § 20; *Matter of Gordon* v. *New York Life Ins. Co.*, 300 N. Y. 652; *Matter of Grigoli* v. *Nito*, 11 A D 2d 581). While admittedly this evidence is far from convincing there is enough in the record to permit the board to find in favor of claimant, if it chose to do so. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.