■ In the Matter of the Claim of CHARLES LEWANDOWSKI, Respondent, v. BALDWIN DROMS, INC., et al., Appellants, and JOHN RUPING, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— The sole issue is that of employment status and appellants seem to concede that claimant was an employee of someone, and not an independent contractor; but assert that he was employed by one Ruping, contended by appellants to have been appellant employer Droms' subcontractor for the carpentry work on one of several dwellings being constructed upon a tract owned and developed by Droms. Ruping testified, however, and the board was entitled to credit him, that although he had been Droms' subcontractor, under written contract, for some of the work on certain other dwellings previously constructed, that relationship did not exist with reference to the dwelling on which claimant was working when injured and, in fact, had terminated some six months previously when he entered Droms' employment as foreman at a fixed weekly wage. Ruping said, further, that he was "under" one Sotile, another employee of Droms, described by Droms as general superintendent of construction and as the person who "gave directions" to Ruping. The board being warranted in finding Ruping an employee, we would not ordinarily expect that claimant, concededly an employee of someone, was in the employ of one in the position of Ruping, who was rather well down in the chain of command (cf. *Matter of Wheeler* v. *Blake*, 13 A D 2d 602, 603; *Matter of Vance* v. *Hut Neckwear Co.*, 281 App. Div. 151, 156, motion for leave to appeal denied 305 N. Y. 933). There was, in any event, evidence of even more direct control of claimant, not only by Sotile but by Mr. Droms, the employer's president. Sotile testified that it was his duty, among others, to "supervise the workers"; that when a complaint arose as

to pay, Sotile took claimant to Mr. Droms; and there was testimony that at one time claimant was instructed by Mr. Droms to install shelves in his garage; that Mr. Droms had himself hired at least one of claimant's coworkers; and that on one occasion Sotile directed claimant's work on the foundation of a house with which Ruping had nothing to do. The board noted that Droms had employees on its payroll regularly and carried workmen's compensation insurance. Droms furnished the equipment and ordered and paid for the materials. Ultimately, Ruping "quit" the job and another alleged subcontractor was discharged by Droms, each such act being at variance with any contractual theory. There was other evidence of Droms' control of claimant and of the work, as there was, indeed, evidence which might be found to point in another direction but the issue was purely factual and the board's decision is supported by substantial evidence and may not be disturbed. (*Gordon* v. *New York Life Ins. Co.,* 300 N. Y. 652.) Decision unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ.