■ In the Matter of the Claim of Ruth B. Kupfer, Respondent, v. Mrs. A. Felix Du Pont et al., Appellants. Workmen's Compensation Board, Respondent.— Appellants correctly define the sole issue as whether claimant was an employee or an independent contractor. Claimant, a registered nurse, whose name was upon the nurses' registry in the hospital where the employer was a patient, was called to attend the employer. When the employer was discharged 12 days later she asked claimant to go home with her. Claimant did so and continued to care for her for some years. Claimant was first paid by the day but after a time was paid monthly at the rate of $600, working eight hours per day, with occasional unpaid overtime, with one day off each week and a paid

annual vacation, the employer also furnishing room and board at her homes in New York, Maine and Florida. At the employer's direction, claimant rendered services to the household employees, without additional compensation; and, indeed, at the employer's request, was on her way to see an ailing maid in the latter's room and to take her temperature when she fell and sustained the injury for which this award was made. Although it is true that claimant rendered professional services under the direction of the employer's physician, who, however, usually came to the house but once in 10 days and sometimes but once a month, she nevertheless rendered such nonprofessional services as shopping, making and receiving telephone calls and performing other household duties. Also inconsistent with appellants' theory of an independent contractual arrangement are the facts that, when injured, claimant was furnished medical care and was paid, whether as advance payment of compensation or otherwise, her full salary during her eight months' disability, following which she returned to her duties with the employer. Although, perhaps, of no compelling weight, a report of accident was filed by the employer, upon which she designated herself as such. The employer withheld no income tax or social security payments, but such an omission is not fatal to the claim. (*Matter of Waterbury* v. *Dieges & Clust*, 284 App. Div. 912, mot. for lv. to app. den. 307 N. Y. 944; *Matter of Webster* v. *Mason*, 13 A D 2d 355, 357.) Neither is it conclusive that some, or perhaps most, of the services rendered were professional in nature; as was held in *Matter of Bernstein* v. *Beth Israel Hosp.* (236 N. Y. 268), which involved a hospital interne and in which (p. 270) a distinction was drawn "between the position of a visiting or consulting physician, and that of an interne, who has placed his time and service at the call of a superior" and a like distinction noted "between attorneys at law retained for a specific service, and those serving a single employer in consideration of a salary". In many cases presenting conflicting inferences upon the issue of employment status it has been held that the board's finding must prevail. (*Matter of Gordon* v. *New York Life Ins. Co.*, 300 N. Y. 652, 654.) Decision affirmed, with costs to the Workmen's Compensation Board. Bergan, P. J., Gibson, Reynolds and Taylor, JJ., concur.