716

■ Joseph A. Naglak, Respondent, v. Dairy Treat Corp., Appellant.

*Per Curiam.* Paragraphs "3", "6" and "16" of the demand should have been modified rather than vacated in their entirety, as defendant is entitled to be informed as to the particulars of his alleged prevention of plaintiff's performance and the particulars of plaintiff's tender of performance and to be furnished with an itemized statement of the damages claimed; and the order appealed from is modified accordingly and, as so modified, affirmed, without costs. The other demands vacated were in most cases improper and in all cases so involved and diffuse as to render compliance unduly burdensome and oppressive. It was not Special Term's function, nor is it ours, to reframe demands and undertake successive prunings until an acceptable product shall emerge. (Cf. *Vicidomini* v. *State of New York,* 21 A D 2d 837.) Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.

■ Benjamin Campo et al., Appellants, v. Michael Nardone, Respondent, et al., Defendant.

*Per Curiam.* The plaintiffs moved for examination on the subjects appearing in paragraphs numbered 1 through 8 of their notice of motion. The motion was granted as to paragraphs 1 and 2 and denied on the ground of irrelevancy as to the remaining six paragraphs. On this appeal the plaintiffs have abandoned 8. The defendant is a lawyer who represented both buyer and seller in a real estate transaction. He is sued for misrepresentation. The plaintiffs were the buyers. In view of the defendant's unusual fiduciary relationship we think a more liberal view should have been taken. Order modified by granting examination also as to paragraphs 3, 4, 5, 6 and 7 and, as so modified, affirmed, with $20 costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.

■ In the Matter of the Claim of Theodore Feuerbach, Respondent, v. Fuller Brush Co. et al., Appellants, and Rainville Co., Inc., et al., Respondents. Workmen's Compensation Board, Respondent.— Motion for dismissal of the appeal denied, without costs. The panel and full board decisions appealed from are affirmed (*Matter of Gordon* v. *New York Life Ins. Co.,* 300 N. Y. 652; 1 Larson, Workmen's Compensation Law, §§ 43.53, 45.23), with costs to the Workmen's Compensation Board. Herlihy, J. P., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.

■ In the Matter of the Claim of Adele C. Nole, Appellant, v. Trustees of the Village of Tuckahoe et al., Respondents. Workmen's Compensation Board, Respondent.

*Per Curiam.* Claimant, a school crossing guard, working three short shifts daily, testified that she was customarily picked up by a police car at a particular intersection, where a police call box was located (and utilized by her, on at least some occasions, to summon the police car), and was transported thence to the crossing to which she was regularly assigned; and that occasionally she would be picked up if a police car should happen to encounter her as she walked to the intersection or after she had left the intersection, should she start to walk therefrom to her assigned crossing without awaiting the police car. She was injured on her way from her home to her second shift, while walking toward the intersection and while some distance therefrom. The board was entitled to find, as it did, that, when injured, "claimant had not yet arrived at the station at which her emloyment was to begin" and we are without authority to disturb that factual determination and the resultant disallowance of the claim. Decision affirmed, without costs. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.