## (November 16, 1972)

■ In the Matter of the Claim of LU L. MIGATZ, Respondent. BLUEPRINT REALTY, INC., Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Appeal by Blueprint Realty, Inc.; from a decision of the Unemployment Insurance Appeal Board which found that the claimant was an employee of the said appellant and Lane Realty Co., Inc. The Referee found and the board affirmed that the claimant received a weekly drawing account from the appellant which he did not receive when not working. It was also found that "he was required to be in the office of Blueprint when he was scheduled to be there" and that the "Claimant was not an entrepreneur engaged in his own business" but "was subject to the employer's direction, control and supervision to a sufficient degree to render him an employee". The record also shows that the claimant did not have the authority to fix the sale price or to close any contracts. This is in accordance with the statute (see Real Property Law, §§ 440, 442-a). The Referee placed reliance upon *Matter of Inter City Assoc., (Corsi),* (284 App. Div. 673) which we find controlling and distinguishable from *Matter of Willis & Co. (Levine)* (37 A D 2d 869) as relied upon by the dissent. (See, also, *Matter of Greco [Catherwood],* 29 A D 2d 579.) Decision affirmed, with costs to claimant. Herlihy, P. J., Sweeney and Kane, JJ., concur; Staley, Jr., and Simons, JJ., dissent and vote to reverse in a memorandum by Simons, J. Simons, J. (dissenting). The respondent was a real estate salesman associated with the appellant, Blueprint Realty, Inc. The sole issue in the case is whether he was an independent contractor or an employee. His work with the appellant involved generally the sale of individual houses and lots. The appellant supplied claimant and each salesman of the firm with a desk, telephone, stationery and office supplies. The salesmen paid their own gas, travel and entertainment expenses. Each was responsible

for his own social security and income tax, and there was no workmen's compensation carried by the appellant on its salesmen. Claimant was paid by commission but given a weekly draw against earnings. He negotiated sales but they were consummated through the broker as required by statute. (Real Property Law, § 440 *et seq.*) He secured some leads on his own and others were furnished to the salesmen by appellant. By the use of " floor time ", certain days or half days were assigned to each salesman when they were given the benefit of staffing the office to take telephone calls and in that way acquire leads which came directly to the office. The claimant was expected, but not required, to work certain hours each day, but the hours were subject to the obvious coming and going of a real estate salesman in the performance of his duties and no check was made by appellant. There were no maximum or minimum hours of employment or established routine. The appellant held " pep " meetings periodically for the salesmen but attendance was not compulsory and, in fact, claimant attended very few of them without penalty. There were no training sessions. There were no written reports to the appellant by the salesmen, no quotas, assigned territory or assigned routine. There was no written contract between appellant and claimant and no exclusive sales territory was assigned to him. The employer-employee relationship is determined by the degree of control exercised over the salesman. (*Matter of Beach* v. *Velzy*, 238 N. Y. 100, 103–104; *Matter of Willis & Co. [Levine]*, 37 A D 2d 869.) The case is distinguishable from *Matter of Inter City Assoc. (Corsi)* (284 App. Div. 673). In that case, a real estate developer required his salesmen to be on the grounds, particularly on weekends, to handle customers at the housing development. The hours were required and the method of sale was controlled by the employer. The record lacks substantial evidence to establish that appellant exercised control over claimant's sales or the means he used to accomplish them. The decision of the board should be reversed, without costs.