■ In the Matter of the Claim of VICTORIA MAILEPORS, Appellant, v DUTCHESS COUNTY DEPARTMENT OF MENTAL HYGIENE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. — Appeal by claimant from a decision of the Workers' Compensation Board, filed June 13, 1980, which denied her claim for benefits. Claimant was employed by respondent employer as a psychiatrist. The issue before the board was whether her status as a consultant was that of employee or independent contractor within the meaning of the Workers' Compensation Law. The board found her not to be an employee and the sole issue on appeal is whether or not there is substantial evidence to support that determination. The record discloses, among other things, that claimant could control the number of hours which she would devote to treating referrals by the employer, that she knew she was not subjected to ordinary employee payroll tax withholdings, and that she had to submit vouchers for payment detailing her hours expended on behalf of the county. In the absence of conclusive evidence of hiring as an employee, there is certainly no basis for a *presumption* that continual utilization of a professional person as a consultant destroys an original independent contractor status. The cases cited by claimant are inapposite since they concern proceedings where the board found the claimants to be employees. (See, e.g., *Matter of Kupfer v Du Pont,* 19 AD2d 923; *Matter of Webster v Mason,* 13 AD2d 355.) In the *Webster* case (*supra,* at p 357), then Justice Presiding Gibson cited the rule of *Matter of Gordon v New York Life Ins. Co.* (300 NY 652, 654): " ' "When conflicting inferences are possible, the finding of the Board prevails" ' ". Since the record in this case does contain conflicting evidence, the board's decision must be affirmed. Decision affirmed, without costs. Mahoney, P. J., Sweeney, Casey, Yesawich, Jr., and Herlihy, JJ., concur.